29 So.2d 285

## HEDGECOCK v. HEDGECOCK.

### 6 Div. 481.

Supreme Court of Alabama.

Feb. 20, 1947.

W. C. Rayburn, of Guntersville, for appellant.

Finis E. St. John, Jr., of Cullman, for appellee.

BROWN, Justice.

The appellee on January 24, 1945, obtained a decree in a divorce proceeding in the Circuit Court of Blount County, in Equity, against her then husband, dissolving the bonds of matrimony theretofore existing between them on statutory grounds. The divorce decree ascertained that the defendant (appellant here) was the owner of a vested remainder in certain lands described

in the present bill and a copy of the decree is attached and made an exhibit thereto. Alimony for the wife and maintenance for the minor children were decreed in solido, the amount being fixed at $2,000.00, to be paid at the rate of $50.00 per month, commencing on the 15th day of February, 1945, and continuing until the sum of $2,000.00 was fully paid. The final decree fixed a lien upon said remainder interest in said property to secure its payment.

The bill in this case filed in the same court seeks to enforce and foreclose said lien by a sale of the said interest in remainder and for the allowance of a solicitor's fee therefor.

It is alleged that the respondent has made only three payments on said decree, "to-wit the payment due the 15th day of February, 1945, and one due the 15th day of March, 1945, and the one due the 15th day of April, 1945. That since the 15th day of April, 1945, the respondent has made no further payments as required in said decree for the purposes aforesaid and is defaulting in the payment of said alimony judgment as required by said decree." The bill further avers that "she elects to declare the whole of the balance remaining unpaid due and payable and is entitled to have said lien on the lands described herein for the security of the unpaid balance, to-wit: the sum of One Thousand eight hundred fifty ($1850.-00) Dollars enforced and foreclosed by decree of this Court by virtue of the statutes made and provided in such cases for the enforcement of liens in equity." Code 1940, Tit. 33, § 1.

The defendant demurred to the bill of complaint for want of equity; that it is not shown that the respondent is able to pay or is able-bodied; that the bill fails to show what interest respondent has in said land; fails to allege that he has a job and is making sufficient salary or wages to pay alimony; that the bill shows that defendant's remainder interest in the land is involved and that his mother has a life-estate in the land.

The court overruled the demurrer and the appeal is from that decree.

We concur in the conclusion stated in the decree that the demurrer was not well taken and was properly overruled. The court independent of § 1, Title 33, Code of 1940, has inherent jurisdiction to enforce said decree.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.