231 So.2d 910

**Euell R. RUSSELL**

**v.**

**Joyce RUSSELL.**

**4 Div. 3.**

Court of Civil Appeals of Alabama.

Feb. 18, 1970.

James M. Prestwood, Andalusia, for appellee.

BRADLEY, Judge.

The appellee here, complainant below, filed suit for divorce alleging that appellant had become, since the marriage, addicted to habitual drunkenness. Demurrer was filed thereto, and subsequently, overruled by the court. An answer was then filed to the complaint.

Prior to a hearing on the case in chief, the appellee-complainant complained to the trial court that respondent was seeing the minor children while under the influence

W. H. Baldwin, Andalusia, for appellant.

of intoxicating beverages and was threatening to take the children on an outing to the Gulf of Mexico without apprising the complainant of their whereabouts, and she wanted a restraining order prohibiting the respondent from riding the children in a motor vehicle while under the influence of intoxicating beverages, or even seeing them while in such condition, and also requested other restrictions against respondent.

The trial court granted the requested restraining order directed against respondent.

Approximately two months later, trial was had before the court, sitting without a jury, at which evidence was taken ore tenus. At the conclusion thereof, a rather explicit decree was entered granting a divorce to the complainant, awarding custody of the minor children to her and fixing the visitation privileges of the respondent.

The trial court also provided support payments for the four minor children and, in an effort to assure that the support payments would be timely made, placed certain restrictions on the right of the parties to dispose of or alienate the real and personal property acquired by the complainant and respondent during the course of their marriage.

The respondent appealed the decree of the trial court to the Supreme Court and made five assignments of error. The case was subsequently transferred to this court.

The first assignment of error contends the trial court erred in entering a decree finally divorcing the parties.

The rule applicable to this first assignment is contained in Baggette v. Baggette, 279 Ala. 167, 182 So.2d 898, wherein the Supreme Court had this to say:

"The well-known and oft-repeated rule is, that where evidence is heard orally by the trial court, the judgment or decree of that court will not be disturbed unless it is plainly and palpably wrong and unjust. The reason for the rule is obvious. The trial court has the witnesses before him, he hears them testify, he observes their demeanor on the stand, and in many cases, knows the parties and their background. He is much better positioned than are appellate courts to render a correct and just judgment or decree. * * *"

The basis for the divorce suit was that appellant had become, since the marriage, addicted to habitual drunkenness, and the record contains sufficient evidence to support this allegation. Since we cannot say that the trial court was plainly and palpably wrong in dissolving the bonds of matrimony on the ground of drunkenness, we say there was no error in this aspect of the decree. Gaddis v. Gaddis, 239 Ala. 75, 194 So. 163.

Assignments of error 2 and 3 specify that the trial court in its decree required the appellant to make child support payments which were not based on his ability to pay, and to make payments at times when he might be unable to work or had no income.

In order to gain a better understanding of what is raised by these two assignments of error, we deem it advisable to quote pertinent portions of the decree:

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that during the dependency of the minor children of the parties or any of them, that the respondent shall pay to the complainant as support and maintenance for said minor children an amount of his take home pay each week which is equal to the per centages hereinafter set forth, * * *. In weeks which the respondent does not work or does not make payments to the complainant for the use and benefit of said minor children in the amount of money as hereinafter decreed, there shall accrue as a lien against his interest in the real estate of the parties an amount equal to the sum as hereinafter set forth. * * * It is further Considered, Or-

dered, Adjudged and Decreed by the Court that so long as four of said minor children are dependent upon the parties for support that the percentage of the respondent's take home pay, which shall be due as child support money, shall be 40 percent of said take home pay as hereinabove defined; that during the period of time when only three of said children are dependent upon the parties for support and maintenance that the percentage of the respondent's take home pay as hereinabove defined shall be 32 and ½ percent; that during the dependency of only two of the minor children the percentage of the respondent's take home pay to be paid as support and maintenance shall be 25 percent; and during the dependency of only one of said minor children, the percentage of the respondent's take home pay which shall be paid as support and maintenance for said minor child shall be 17 and ½ percent; as hereinabove defined as take home pay and dependency. It is further Considered, Ordered, Adjudged and Decreed by the Court that when the earnings of the respondent shall not be sufficient to pay the following amounts each week for child support that the difference between the amounts so paid by the respondent and the amounts herein set forth shall accrue as a lien in favor of the complainant against the respondent's interest in the real property of the parties and to be paid before the respondent shall enjoy any use and benefit of any of the real estate of the parties and it is hereby Ordered that in no event shall the respondent pay to the complainant less than $60.00 per week during the dependency of four of the minor children as hereinabove decreed or less than $50.00 per week during the dependency of three of the minor children or $40.00 per week during the dependency of two of the children or $30.00 per week during the dependency of only one child; it being the intention of the Court that if the percentage of the respondent's take home pay does not equal or exceed the amounts herein set forth, that he shall not be required to pay a larger percentage of his take home pay but that the difference between the actual amount paid and the minimum herein fixed shall be a lien in favor of the complainant against the interest of the respondent in the real estate of the parties to be paid by him before any enjoyment of the proceeds of the real estate. * * *"

The evidence shows that for the two years prior to the divorce decree, appellant's weekly wage, when he was working, was approximately $150.00 per week.

It will be noted from the decree that appellant was required to pay 40% of his take-home pay each week, or $60.00, whichever was greater, so long as the four children were dependent on the parties for support. The percentage and fixed amount was scaled downward as the number of dependents decreased.

In Ex parte Whitehead, 179 Ala. 652, 60 So. 924, the Supreme Court, in considering whether a husband's personal earnings should be considered in fixing alimony pendente lite, had this to say:

" * * * The allowance may be based upon the husband's earnings or his ability to earn money in connection with all the circumstances of the case.—1 Bish. Mar. & Div. (6th Ed.) § 457; 2 Am. & Eng.Encyc. 123. It is not at all difficult to see the inequity of the rule which would exclude personal capacity from consideration. This court did not adopt a contrary rule in Webb v. Webb, 140 Ala. 262, 37 South. 96, 103 Am.St.Rep. 30. On the contrary, seeming rather to recognize the rule of the courts generally, this court held only that, if a defendant against whom alimony has been awarded will not work, the court is without the power of compulsion by imprisonment to make him work. But if the defendant is contumacious or has property that may be reached, the court will compel obedience to its decree by such writs as customarily issue out of courts of

chancery for the execution of justice. If, however, a defendant's circumstances so change subsequent to the decree as to render its enforcement unjust and oppressive, it is always within the power of the court to modify it to meet changed conditions."

Also, in the case of Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1, the Supreme Court said:

"The fourth Assignment of Error made by appellant was with reference to the final decree of the lower court placing a lien on all of the real estate and interest in real estate, situated in Henry County, Alabama, owned by appellant to secure payment of the permanent alimony. This was not error. The cases are numerous on the point that the court may secure payment of alimony by declaring a lien on the husband's property. Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Smith v. Rogers, 215 Ala. 581, 112 So. 190.".

It is clear to this court that the trial court was attempting to assure adequate financial support for these four minor children when it fixed the support payments at 40% of take-home pay, or $60.00 a week, whichever was greater. And, the evidence fully warranted these figures, for it was shown that the appellant had personal earnings in such an amount as to adequately care for his personal needs, as well as meet these support payments.

The implantation of the lien on "his interest in the real estate of the parties" was for the sole purpose of assuring that the support payments would be made, either out of personal earnings or, subsequently, out of appellant's real property, if necessary.

Even though Ex parte Whitehead, supra, and Davis v. Davis, supra, involved the attachment of liens for the purpose of assuring the payment of alimony, we can perceive no material difference which would prevent these cases from being authority for the proposition that a lien may

be placed on real property by a court to assure payments being made for the support of minor children.

We, therefore, conclude that the trial court did not, by the terms of its decree, require the appellant to work or to make payments when he was unable to work, but that it did provide that not only would his personal earnings be used for the support of his children, but that his interest in the real estate owned by the parties could be reached to satisfy these support payments. No error here.

In his fourth assignment of error, appellant contends that the trial court in its decree deprived him of all possessory interest in the real estate held by him and the appellee.

Again, let us look at what the trial court had to say in its decree:

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that all real estate acquired by the parties during the marriage and still owned by the parties at the time of this trial, regardless as to how title to said property was taken, whether in the name of either individually, or in the name of the parties jointly, and being specifically described in deeds of coveyance as follows, to-wit:

\* \* \* \* \* \*

"are to be held and managed by the complainant for the use and benefit of the parties all as herein set forth. Said complainant is to be permitted to use any of said real estate as the place of abode of herself and the minor children of the parties and to manage by rental any and all of the remainder of said properties and to collect the rental therefrom and apply the rental of said property from the date of this decree until all indebtedness against all of said real estate has been paid and then after the payment of all indebtedness, now existing against said real estate shall have been paid, and after the complainant has been reim-

bursed for all sums expended by her in the payment of said mortgage indebtedness over and above the rental income of the properties, this decree shall be inoperative as to any of said properties. * * * It being the intention of the Court that the complainant shall have the responsibility for making all present mortgage payments on said real estate and that after said mortgages are paid that the complainant shall reimburse herself from the rental income of the properties for sums expended by her for said mortgage payments over and above the rental income less repairs, insurance, taxes and commission as hereinabove set forth. * * * It being the intention of the Court that when the mortgage indebtedness against said property shall have been paid from the proceeds of the rentals of the same as hereinabove enumerated and when all of the minor children of the parties are no longer dependent on the parties as hereinabove defined, that each of the parties shall enjoy the title to all of the real estate in the exact degree as they originally saw fit to receive the conveyance of the title to the same."

It appears to us, after carefully reading the portions of the decree above set out, that the trial court again was making every effort to preserve all of the fiscal resources of the appellant to the end that they could be applied to any deficit that might arise in the support payments previously decreed.

The burden of managing the properties and paying off the outstanding indebtedness was placed on the appellee, with the further requirement that she make a periodic report to the court concerning the management of these properties. She certainly was not benefited by this arrangement, except that this would assure the payment of the support moneys decreed for the children.

As the decree provided, it was the intention of the trial court to secure the support payments until such time as there were no minor children dependent on the parties for support; and, then, the "parties shall enjoy the title to all of the real estate in the exact degree as they originally saw fit to receive the conveyance of the title to same."

We are further of the opinion that the evidence fully supported the conclusion of the trial court that the appellant was not the proper person to manage the properties for the benefit of the minor children, and further that there was a good possibility of appellant's dissipating these assets so that they would not be available to make up a deficit in the support payments should his personal labors fail to return the required amount.

We find no error in this aspect of the case.

In his assignment of error No. 5, appellant contends that the decree granted relief not sought in the pleadings, i. e., the trial court enjoined the parties from having any contact with each other or calling each other on the telephone except in an emergency involving the children, and that appellant could not cash, pledge as collateral, or borrow on, any life insurance policy on his life, without a specific allegation therefor being made in the complaint.

As to the first aspect of assignment No. 5, the evidence revealed that appellant had threatened the life of the appellee during one of his drunken sprees, that they could not get along, particularly when he was drinking, and appellant used vile and abusive language to the appellee when he was drinking.

Although there is no specific allegation in the complaint requesting such relief, there was in the complaint the general prayer for relief. And, the Supreme Court said in Coleman v. Estes, 281 Ala. 234, 201 So.2d 391, that:

"Under a prayer for general relief in a bill in equity, the court has the power to mold relief to meet the equities de-

-veloped in the trial. Winslett v. Rice, 272 Ala. 25, 128 So.2d 94, and cases there cited."

Also in accord with this principle is McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519.

Again, it must be said that the purpose of the prohibition was the protection of the minor children. It can be reasonably surmised that the beneficiaries of these policies were the appellee and children, and the tendencies of the evidence revealed the appellee to be a substantial supporter of the children's economic welfare, and this was just another effort by the trial court to preserve the assets of the parties to this broken marriage for the benefit of the minor children thereof.

Again, we think the prayer for general relief in the complaint was adequate to authorize this additional relief to be given to the appellee. Coleman v. Estes, supra, and McDonald v. McDonald, supra.

There being no error sufficient for reversal of this cause, we hereby affirm the decree of the trial court.

Affirmed.