284 So.2d 729

J. I. COOLEY

v.

Evelyn COOLEY.

Civ. 219.

Court of Civil Appeals of Alabama.

Oct. 31, 1973.

W. Perry Calhoun, Dothan, for appellant.

James F. Martin, Dothan, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a decree of the Houston County Court in Equity dated May 8, 1973, which modifies a divorce decree rendered on January 16, 1968. The decree grants relief upon both petition and cross-petition for modification.

Evelyn Cooley first filed what is entitled a petition for modification of the original divorce decree. In fact, the relief sought by the petition was the enforcement of the terms of the original decree. She requested a determination of the amount of unpaid support due to her. She charged that defendant had failed to keep the home, occupied by her and her minor son, in repair as required by the divorce decree. For failure of defendant to keep the house in repair and pay support as directed, Mrs. Cooley asked that title to the home be fully vested in her. She further requested a lien be established upon defendant's one-eighth interest in 80 acres of land to secure payment of past due support in the amount of $2840.00.

Defendant, J. I. Cooley, filed answer and cross-petition requesting reduction of support payments because of decreased earnings since suffering a heart attack.

He requested credit for alleged payment of support to his brother who had custody of the child for a time while Mrs. Cooley was in a mental institution.

In response to the petition of Mrs. Cooley the court decreed that there was $2574.50 due her in unpaid support. A lien on the interest of Mr. Cooley in the home was declared in favor of Mrs. Cooley for support due presently, and to become due in the future. A lien was given Mrs. Cooley upon the interest of Cooley in the 80 acres of land. It was further ordered that the land be condemned and sold to satisfy the judgment for past due support and costs in the case.

Relief was given Cooley on his cross-petition by reducing the child support payments from $40 to $30 on the 1st and 15th of each month.

There was included in the decree direction to the register to hold a reference to determine what amount, if any, is due W. L. Cooley, brother of the defendant, for his cost incurred in supporting the parties' minor child while the child lived with him. Upon such determination, report is directed to be made to the court for an order disbursing "said proceeds."

The inclusion of such an order for reference in the decree is unusual for we do not find any such relief requested by either party, nor do we find W. L. Cooley as a party in the case. Neither is it clear what "said proceeds" are to be used for "proper disbursement." We assume the court had in mind proceeds from the sale of Cooley's interest in the 80 acres of land. However, such proceeds were previously directed to the satisfaction of Mrs. Cooley's judgment for past due child support. Some of the accumulated past due support accrued during the time the child was in the custody of W. L. Cooley, which was for about one year. Does the order of reference indicate that the court intends to assess the costs of W. L. Cooley in supporting the child to defendant in addition to that found to be due Mrs. Cooley under the original decree? The answer to our question is not found in the decree.

We have made reference to this portion of the decree solely as a matter of observation, for such matter remains interlocutory and not properly a matter involved in this appeal. Sexton v. Sexton, 280 Ala. 479, 195 So.2d 531. However, it would appear that the trial court should give consideration to our observation. See Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854.

This appeal was taken by defendant and cross-petitioner J. I. Cooley, Jr. He complains of six errors in the rendering of the decree.

It is first contended that the court erred in condemning and ordering sold defendant's interest in 80 acres of land to satisfy the judgment of plaintiff for accumulated past due child support. Defendant first submits the proposition that the order of condemnation and sale is without the authority of the court. The basis of this proposition is that the Houston County Court is a court of special and limited jurisdiction and power and that the power to sell real property is not included within its granted power. We cannot accept appellant's basis for his proposition.

The Houston County Court was established by Legislative Act No. 630, approved August 29, 1969, Acts of Alabama 1969, Vol. II, pp. 1150–1157. Section 11(e) thereof in part is as follows:

". . . Provided, however, the judge shall not have or exercise the powers, jurisdiction, or authortity of equity courts *except in suits for divorce or separate maintenance and cases involving domestic relations or the custody of children.*" [Emphasis ours.]

The Houston County Court is granted all equity powers in suits for divorce, domestic relations or custody of children held by the Circuit Court. Such powers include statutory as well as inherent

common law equity powers necessary to make effective powers expressly granted. Though authority of a court of equity to grant divorces is purely statutory, such court has inherent power to provide for and protect the welfare of the minor children of a broken marriage. Wise v. Watson, 286 Ala. 22, 236 So.2d 681; Hardy v. Hardy, 46 Ala.App. 253, 240 So.2d 601.

If the circuit court, in equity, has power to direct the sale of real property to satisfy a judgment for child support arising out of a divorce case, it follows that any other court lawfully created and granted equity powers in cases of divorce and custody of children must have the inherent power to fulfill its obligations as parens patriae of children brought within its jurisdiction.

We therefore hold that in cases of divorce and child support and custody, the Houston County Court has all the statutory power and inherent equity power of a circuit court to enter decrees and to enforce its decrees in such cases.

Now we examine the decree to determine if the court exceeded its lawful authority therein as defined herein above.

The petition of Mrs. Cooley alleged that Cooley owned an interest in a described 80 acres of land. She prayed that a lien be declared upon his interest in such land for the amount of past due child support. There was no prayer for a sale of such interest. There was no prayer for a determination of such interest. There was introduced in evidence a bill of complaint filed by Cooley and pending in circuit court for sale and division of the described land. Such bill of complaint alleged Cooley was a joint owner of the land with numerous others and that he owned an undivided one-eighth interest therein. Cooley testified in this case that he owned a one-eighth interest.

The decree rendered by the court did not determine what interest Cooley owned in the 80 acres. It declared a lien on his undetermined interest, summarily condemned it and ordered the register to sell it to satisfy plaintiff's judgment and costs, with the proceeds to be held by the register subject to the holding of a reference to determine amounts due W. L. Cooley for support of the minor child.

The summary order of sale immediately concurrent with the declaration of the lien fails to allow defendant opportunity to discharge the lien. Neither does it give opportunity of notice to possible prior lien holders nor does it allow contest of defendant's alleged interest in the property.

As a general rule, a lien of alimony or support may be enforced as other liens are enforced. 24 Am.Jur.2d 739. Divorce and Separation. However, in this state it has been held that a divorce court having declared a lien on real estate to secure payment of support, has inherent jurisdiction to entertain a petition to enforce the lien, independently of statutory remedies provided for the enforcement of liens. Hedgecock v. Hedgecock, 249 Ala. 31, 29 So.2d 285. Though a divorce court has such inherent power of enforcement of liens for support, it appears that in exercising such power all persons having an interest in the property involved are necessary parties. Such is the case in all other actions to enforce a lien on real property in equity. Title 33, § 1, Code of Alabama 1940. McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3.

Our observations as to the summary foreclosure of the judgment lien in this case are made more apropos by the further observation that such foreclosure and sale was not a part of the petition nor requested by the prayer therein. There was no testimony as to the need for such sale. Execution was available against the proceeds of the pending suit for sale and division. The declared lien could be presented as a claim in the suit.

A decree must conform to the allegations and proof. The relief granted must be in accord with the case made by the bill. Vise v. Perkins, 284 Ala. 119, 222 So.

2d 705; AGM Drug Co. of Ala. v. Dobbs, 277 Ala. 493, 172 So.2d 379.

■ By summarily directing sale of appellant's undetermined interest in real property owned jointly with others not parties to the case, we hold the court exceeded its equitable powers. That portion of the decree directing the sale by the register is reversed and set aside.

■ We will not discuss appellant's assignment of error 6 in its second aspect. It is contended there that the Houston County Court had no jurisdiction over the 80 acres of land because it was the subject of a suit for sale and division in the circuit court prior to the filing of appellee's petition in this case. Such contention is moot after our order above. We do observe that appellant's citations of authority are not applicable. Though we have made no particular study of the proposition, it does not appear illogical that a foreclosure of a lien on real property in equity could proceed separately from a distinctly different action for sale and division. Without question, the better procedure would be to present the lien as a claim by intervention and request foreclosure in the suit for sale and division if desired. The sale of the property for division would not affect the lien if properly prior recorded.

Appellant's assignment 5 alleges error in the computation of the amount of past due support by the court. It is argued that sums stated by appellant to have been paid his brother while he had custody of the minor child should have been credited against the total monthly payments not made to appellee.

■ We succinctly answer by stating that the court heard the evidence orally, sitting as the trier of fact. The testimony as to making such payments came only from appellant. The court was not bound to believe such testimony. We do not hold such payments, if made, deductible.

Assignment of error 4 contends the reduction of support payments from $40 to $30 bi-weekly was an insufficient reduction and that the evidence did not support the award.

We have closely examined the evidence, and from such examination are unable to hold such award to be a palpable abuse of discretion and unjust. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558.

■ Assignment of error 3 contends error in the award of $550 as attorney's fee to appellee. Such an award does seem high considering the evidence as to appellant's health, income and ability to pay. However, we find no palpable abuse of discretion in the court's award. Perhaps it will be considered less unreasonable to appellant when he considers that in the exercise of this Court's discretion we deny appellee's request for the granting of an attorney's fee on this appeal.

Affirmed in part, reversed in part and remanded.

BRADLEY and HOLMES, JJ., concur.