These proceedings sought to enforce child support as previously ordered in a divorce judgment.
The contentions of the appellant-defendant are (1) that the trial court erred in overruling his motion for a new trial, and (2) there was error in divesting the defendant of his ownership in real estate to satisfy his delinquency in child support payments.
The final divorce decree was filed on December 2, 1968, and an appeal by the defendant ensued. Russell v. Russell,45 Ala. App. 455, 231 So.2d 910 (1970). While much of the decree was quoted in the 1970 opinion, for a more comprehensive understanding of the issues now before the court, we again quote some of the pertinent provisions of the 1968 decree.
 IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that during the dependency of the minor children of the parties or any of them, that the respondent shall pay to the complainant as support and maintenance for said minor children an amount of his take home pay each week which is equal to the percentages hereinafter set forth. . . . In weeks which the respondent does not work or does not make payments to the complainant for the use and benefit of said minor children in the amount of money as hereinafter decreed, there shall accrue as a lien against his interest in the real estate of the parties an amount equal to the sum as hereinafter set forth. . . . It is further Considered, Ordered, Adjudged and Decreed by the Court that when the earnings of the respondent shall not be sufficient to pay the following amounts each week for child support that the difference between the amounts so paid by the respondent and the amounts herein set forth shall accrue as a lien in favor of the complainant against the respondent's interest in the real property of the parties and to be paid before the respondent shall enjoy any use and benefit of any of the real estate of the parties. . . . [T]he difference between the actual amount paid and the minimum herein fixed shall be a lien in favor of the complainant against the interest of the respondent in the real estate of the parties to be paid by him before any enjoyment of the proceeds of the real estate. . . .
 IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that all real estate acquired by the parties during the marriage and still owned by the parties at the time of this trial, regardless as to how title to said property was taken, whether in the name of either individually, or in the name of the parties jointly, . . . are to be held and managed by the complainant for the use and benefit of the *Page 760 
parties all as herein set forth. Said complainant is to be permitted to use any of said real estate as the place of abode of herself and the minor children of the parties and to manage by rental any and all of the remainder of said properties and to collect the rental therefrom and apply the rental of said property from the date of this decree until all indebtedness against all of said real estate has been paid and then after the payment of all indebtedness, now existing against said real estate shall have been paid, and after the complainant has been reimbursed for all sums expended by her in the payment of said mortgage indebtedness over and above the rental income of the properties, this decree shall be inoperative as to any of said properties. . . .
 It being the intention of the Court that the complainant shall have the responsibility for making all present mortgage payments on said real estate and that after said mortgages are paid that the complainant shall reimburse herself from the rental income of the properties for sums expended by her for said mortgage payments over and above the rental income less repairs, insurance, taxes and commission as hereinabove set forth. It is further Considered, Ordered, Adjudged and Decreed by the Court that each of the parties are hereby enjoined from conveying, encumbering or filing a bill for partition and sale on any of the properties and any interest therein owned by either of the parties to any of the above described property until all indebtedness now existing against said property shall have been paid in the manner hereinabove provided for the payment of the same and until the youngest of said minor children of the parties shall be non-dependent as herein described as that same term pertains of the payment of support money for the maintenance and education of said minor children of the parties. It being the intention of the Court that when the mortgage indebtedness against said property shall have been paid from the proceeds of the rentals of the same as hereinabove enumerated and when all of the minor children of the parties are no longer dependent on the parties as hereinabove defined, that each of the parties shall enjoy the title to all of the real estate in the exact degree as they originally saw fit to receive the conveyance of the title to the same.
In 1979 the plaintiff filed a petition averring that the defendant was, under the terms of the divorce decree, indebted to her in the amount of $36,573.07 for expenses as to the real property and that defendant was in arrears as to child support in the total sum of $26,384.57. She requested that defendant's interest in the real estate described in the decree be divested from him and invested in the plaintiff. The defendant answered the petition. On the day that the case was set for trial, the defendant and his attorney conferred, but, shortly before trial, the defendant was observed leaving the courtroom by the trial judge and by plaintiff's attorney. His attorney, personally and through his secretary, searched in vain for the defendant. Without a request for a continuance and without objection, the court instructed the attorney for the plaintiff that he could proceed with his evidence. At the ensuing trial, it was stipulated by counsel that the child support payments due to that date amounted to $26,298.57. Evidence was taken as to the real estate expenses.
On October 9, 1979, the judgment of the trial court was filed, which stated partially as follows:
 Each of the parties being represented by counsel and each of the parties being present until just before the commencement of the trial when the Respondent voluntarily and without any explanation absented himself and thereafter the Court proceeded to hear the evidence.
 The Court finds from the evidence that the Respondent is in arrears in the payment of child support in the amount of twenty-six thousand two hundred ninety-eight dollars and fifty-seven cents ($26,298.57). It being obvious to the Court that said child support will never be paid and that the lien fixed by the decree of *Page 761 
the Court entered on November 2, 1968, should be enforced and the Respondent's interest in the real estate described in said decree should be divested out of him and invested in the Complainant . . .
On October 29, 1979, the defendant filed a motion for a new trial complaining of excessive damages being awarded to the plaintiff because of the divesting of the defendant's interest in the real estate and contending that the defendant's evidence could have refuted the evidence upon which the "verdict" was based and that he had evidence which explained the arrearage of child support payments and new evidence as to his employment status for the past ten years which might affect the ultimate decision of the court. Although the judge overruled the motion on February 6, 1980, it had already been denied by operation of law upon the expiration of ninety days from the date of the filing of the motion. Rule 59.1, ARCP.
 1
A ruling upon a motion for a new trial is within the sound discretion of the trial court and will not be disturbed on appeal unless some legal right was abused and the record plainly and palpably shows that the trial court was in error.Trans-South-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala. 1979); 15 A Ala. Digest, New Trial, Key No. 6.
The defendant abandoned the courtroom before the trial. The "new evidence" would have consisted of the evidence which the defendant was then cognizant of or which could have been discovered with reasonable diligence. The amount of child support in arrearage was not disputed. Therefore, we hold that the defendant's motion for a new trial was due to be overruled upon all stated grounds other than that one attacking the divesting of his interest in his lands, which will be discussed separately herein.
 2
In view of the subsequent failure of the defendant to support his children in the stipulated total amount of $26,298.57 as of the date of the trial, it is eminently clear that the learned trial judge exercised utmost wisdom in the 1968 decree by declaring a lien upon defendant's interest in the lands in the event of unpaid child support. Such lien was upheld by this court in the prior appeal.
The plaintiff, therefore, had a lien for the $26,298.57 delinquent child support upon the defendant's interest in the property described in the divorce judgment. If she desired, she was entitled to have her lien enforced, but we know of no authority by which defendant's interest in the property could then be summarily forfeited to her as was done by the latest judgment. After the rental proceeds paid the mortgage indebtedness and when all of the children were no longer dependent, each party was awarded the same interest in the real estate as they originally received in the conveyance of title to the same, the defendant's interest, however, being subjected to such lien. This constituted a property division of the real estate of the parties.
"After a lapse of thirty days from the date of the decree, a court cannot modify a property settlement provision except to correct clerical errors." Monroe v. Monroe, 356 So.2d 196
(Ala.Civ.App. 1978). A property settlement is not subject to being modified because of changed conditions. Cochran v.Cochran, 289 Ala. 615, 269 So.2d 897 (1972). In this respect, there is no difference between a judgment of a court dividing the parties' property and a judgment which approves an agreement of the parties providing for a division of property.
Here, by the terms of the divorce decree, the defendant was awarded all of the interest which he held in the described real estate subject to a lien to be impressed against same if he failed to make the required child support payments and subject to plaintiff's said management thereof. Such is a property division, and the court's subsequent action in divesting his interest therein and vesting it in the plaintiff would constitute a modification of the division of property. *Page 762 
If the concept of a property division be totally ignored, the forfeiture of his interest in the lands is not the proper method of foreclosing or enforcing her lien. Without question, the plaintiff has a lien against the interest of the defendant in the subject land.
 The summary order of sale immediately concurrent with the declaration of the lien fails to allow defendant opportunity to discharge the lien. Neither does it give opportunity of notice to possible prior lien holders nor does it allow contest of defendant's alleged interest in the property.
 As a general rule, a lien of alimony or support may be enforced as other liens are enforced. 24 Am.Jur.2d 739. Divorce and Separation. However, in this state it has been held that a divorce court having declared a lien on real estate to secure payment of support, has inherent jurisdiction to entertain a petition to enforce the lien, independently of statutory remedies provided for the enforcement of liens. Hedgecock v. Hedgecock, 249 Ala. 31, 29 So.2d 285. Though a divorce court has such inherent power of enforcement of liens for support, it appears that in exercising such power all persons having an interest in the property involved are necessary parties. Such is the case in all other actions to enforce a lien on real property in equity. Title 33, § 1, Code of Alabama 1940. McLendon v. Truckee Land Co., 216 Ala. 586, 114 So. 3.
 Our observations as to the summary foreclosure of the judgment lien in this case are made more apropos by the further observation that such foreclosure and sale was not a part of the petition nor requested by the prayer therein. There was no testimony as to the need for such sale. Cooley v. Cooley, 51 Ala. App. 273, 277, 284 So.2d 729, 732 (1973).
That portion of the judgment of the lower court finding an arrearage in the payment of child support in the amount of $26,298.57 is affirmed; however, we must hold that the learned trial judge erred, in part, by divesting the defendant's interest in the property and vesting such interest in the plaintiff. This case must be remanded for further proceedings; and, in that connection, we recommend a close reading of the above quoted portion from the Cooley case as possible, partial guidance as to such proceedings.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975). His opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
All the Judges concur.