PER CURIAM.
This postdivorce litigation by the wife seeks to collect delinquent child support and periodic alimony from the husband.
The parties were divorced in March 1986. Under the provisions of the divorce judgment which ratified their agreement, the wife was granted custody of the minor children, the husband was ordered to pay $600 per month as periodic alimony and child support, and he was required to maintain health insurance upon the children. The property of the parties was divided. The husband received certain articles of furniture and an antique car, along with other real and personal property.
On September 8, 1986 the husband commenced serving a federal three year prison sentence which was imposed upon him after his conviction for conspiring to import marijuana.
Apparently, motions were filed by both parties but the record includes only the wife’s motion whereby she alleged that the husband was in arrears in his support payments. Therein, she prayed that the trial court allow her to sell the antique car and furniture of the husband in order to generate funds for the support of the minor children.
After an ore tenus evidentiary trial, the circuit court granted the husband’s motion to temporarily suspend his child support and alimony payments, awarded a judgment against the husband and in favor of the wife in the amount of $2,661, which represented the support arrearage due, and allowed the wife to sell the antique car and furniture of the husband in order to satisfy the $2,661 judgment plus an additional $320 for a medical bill incurred on behalf of one of the children. Any overage from the sale of those items would remain the property of the husband.
Since the only issue on appeal largely concerns the authorization to sell that personal property, we generally limit a brief summary of the evidence to those facts which primarily concern that issue.
There was evidence before the trial court that the wife had to sell some of her own furniture and jewelry in order to provide support for herself and the children, that the wife is not able to support herself and the children on her earnings, that the wife received only two complete and one partial monthly support payments from the husband since the divorce, that the car and furniture are the only remaining assets of the husband which have value and which can be converted into cash, that all other assets of the husband have either been sold by him or lost through foreclosure, and that the husband presently has no income since he is imprisoned and since he supposedly sold his business prior to his incarceration.
The trial court did not divest the husband’s interest in that personal property and vest it in the wife. Ownership thereof was not altered. Only a sale thereof was authorized with its proceeds to first apply towards the husband’s support ar-rearage. Therefore, we find that the trial court did not modify the property award as made by the divorce judgment as contended by the husband.
A divorce court has the inherent power to enforce its support orders, Russell v. Russell, 386 So.2d 758 (Ala.Civ.App.1980), and may make reasonable orders to insure that delinquent support is paid. Here, personal property is involved, all persons having an interest in it were before the court inasmuch as the husband is the absolute owner of it, the wife’s motion sought and specifically prayed for the sale of those items, and there was testimony as to the need for such a sale. Additionally, these parties’ divorce judgment expressly retained jurisdiction to render any further or future child support orders which the trial court might deem to be proper or which changed conditions might require.
However, the trial court does not have the authority to allow the wife in this instance to sell the property. The husband is entitled to have his property sold for its *24 reasonable, fair market value. Further, he is entitled to receive any overage from the sale of this property. Therefore, to insure a proper accounting, an appropriate manner to sell the property would be under the direct supervision of the court. See, Ala. Code (1975), § 6-9-20. Other statutory or legal means may also be available.
In granting the wife the authority to sell the property, the trial court erred and we reverse this portion of the judgment.
The wife has requested a fee for representation on appeal. This request is denied.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.