L. CHARLES WRIGHT, Retired Appellate Judge.
Wife brought suit for divorce. Husband answered and filed a counterclaim. After submission of the case upon the pleadings, stipulations, and oral evidence, the trial court entered judgment granting a divorce. The judgment contained a provision for division of property and settlement of all claims of the wife against the husband. It also determined respective liabilities of the parties for outstanding debts arising during the marriage. It is in respect to the latter provision that the wife brings this appeal.
There can be no question that a trial court with jurisdiction of the parties, upon considering petitions for divorce and property division, has full authority to settle all of the equities of the parties according to the evidence. Cooley v. Cooley, 51 Ala.App. 273, 284 So.2d 729 (Ala.Civ.App.1973). Upon appeal the finding of the trial court after submission of evidence ore tenus will be presumed correct. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985). Such presumption is present until the reviewing court determines that the challenged finding is so unsupported by the evidence as to be unfair and unjust and to be an abuse of discretion. See, Flowers.
The brief of the wife on this appeal comprises two (2) pages of argument. It cites one (1) authority. The primary proposition presented is that there was insufficient evidence presented from which the court could find that the wife should be responsible for a $1,700 debt to Humana Hospital for her surgery. There was testimony by the husband that his insurance company, upon filing of a claim, sent a check in the amount of $1,700 to his home as payment of the claim; that the wife received, deposited, and spent the money and did not pay the hospital. Counsel for the wife made an objection to the husband’s testimony early on. His objection appears to have been based upon the ground of hearsay. The judge made no ruling but said “Let’s go ahead.” A subsequent general objection received no ruling. On cross-examination, counsel for the wife elicited rather complete testimony as to the receipt and depositing of the check from Blue Cross Insurance Company. She neither rebutted nor denied the testimony of the husband.
Only proper objections and adverse rulings thereon will be reviewed on appeal. “The functions of this court in its appellate character are strictly confined to the action of the trial courts upon questions which are presented to and ruled upon by them.” Lawson v. Garrett, 286 Ala. 125, 129, 237 So.2d 648, 652 (1970) (emphasis supplied); Jones v. Jones, 464 So.2d 125 (Ala.Civ.App.1985). The testimony relied upon by the trial court sufficiently supports the conclusion that the wife received the insurance payment and spent it rather than using it to pay the hospital bill.
The one-sentence last paragraph in the brief of appellant which cites authority raises an issue which is presented for the first time on appeal. It relates to a provision in the judgment which was not complained of in the motion for a new trial. It was never ruled upon by the trial court. Therefore, it is not for our consideration. Lawson v. Garrett.
The judgment below is affirmed.
The husband’s request for an attorney’s fee for representation on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.