CRAWLEY, Judge.
In January 1998, after more than 20 years of marriage, Diane McGee sued Maurice McGee for a divorce, requesting, among other things, a division of their personal property, which consists of a large collection of antique furnishings and accessories. In May 1998, following the presentation of ore tenus evidence, the trial court divorced the parties and, among other things, divided the antiques, as follows:
“3. The collection of antique items shall be divided in the following manner.
“a. The wife shall retain the items which she removed from the marital residence. The court assigns a value to such items of $72,979.
“b. The husband shall select from the antique items remaining in the marital residence such items of his choosing which equate to a value of $72,979, using the values assigned to each item on plaintiffs exhibits # 7 and # 15.
“c. Antique items remaining after the husband’s selection has been made shall be divided equally between the parties in the following fashion:
“(1) The parties shall alternately select one item, after determining which party shall select first by the toss of a coin. Values shall be assigned to the items selected in accordance with those values on plaintiffs exhibits # 7 and # 15. A pair or set of items shall be considered one item for purposes of this selection process.
“(2) Each party is entitled to select by this selection process items total- *194 ling a value of $36,978. Upon one of the parties having selected items having a total value of $36,978, then the other party shall select from that which remains such items as will give him or her a cumulative value of $36,978.
“(3) Should any items then remain, the parties shall equally divide such items with the special master assigning value as needed.”
In October 1998 and November 1998, respectively, the wife and the husband each moved to have the other held in contempt for failure to comply with the prescribed method of dividing the antiques. The husband argued in his motion that only the items that are truly “old” are subject to the court’s method of division and that “newer” items should not be subject to the court’s method of division. In December 1998, the trial court ordered that all items listed on the exhibit lists referenced in the May 1998 order are subject to its method of division, regardless of the. age of the item. The trial court also denied each party’s contempt motion, noting that there may have been confusion as to the meaning of the word “antique” as it was used in the May 1998 order. The husband filed a postjudgment motion, which the trial court denied.
The husband appeals, arguing that the trial court’s December 1998 order is an impermissible modification of the May 1998 order. The wife contends that the December 1998 order is merely a clarification of the definition of the word “antique” as it was used in the May 1998 order. We agree with the wife.
A property division may be modified only within 30 days of the judgment. Russell v. Russell, 386 So.2d 758 (Ala.Civ.App.1980). A mere clarification of an ambiguous provision of a divorce judgment is not a modification. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981). The court specifically stated in the December 1998 order that it needed to clarify the meaning of the word “antique.” The court made its clarification. Also, the court’s December 1998 order does not alter in any way the May 1998 order as to the method of dividing the antiques.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.