**Gregory H. TERRY, Plaintiff–Appellant,**

v.

**GUARDIAN LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 99–6388.

United States Court of Appeals, Sixth Circuit.

March 13, 2001.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and NUGENT, District Judge.*

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

PER CURIAM.

On October 19, 1998, Gregory H. Terry brought suit in the Circuit Court of Franklin County, Tennessee, against Guardian Insurance Company for breaching a contract to settle his future insurance benefits. Guardian removed the case to the United States District Court for the Eastern District of Tennessee. The district court dismissed the case on the bases of claim preclusion and the failure to state a claim. For the reasons stated below, we AFFIRM the decision of the district court.

I.

In 1987, Terry was diagnosed with a condition known as Wilson's disease, which affects the liver, brain and other major organs. Shortly thereafter, he began collecting $2,800 per month on a Guardian Insurance Company policy that he had acquired through a former employer.

Terry and his wife, Donna Jean Terry Funkhouser, obtained a divorce in the Circuit Court of Madison County, Alabama, on June 10, 1992. As part of the divorce decree, the court ordered Terry to pay his ex-wife $751.02 per month in child support. On June 30, the Alabama court entered an order directing Guardian to withhold an identical amount per month from Terry's disability benefits and to pay it to the Clerk/Register of the court. This order was precautionary and became effective only if Terry were to fall one month behind in child support. On October 14, 1993, after Terry had become delinquent in his child support payments, the Alabama court modified its earlier decree and ordered Guardian to pay $751.02 per month directly to Funkhouser from Ter-

ry's disability income to ensure that she received the payments.

At some point thereafter, Terry approached Guardian about the possibility of receiving a lump sum payment in settlement of the future benefits due to him. In late February 1997, Terry and Guardian reached an agreement: in exchange for $180,000, Terry would release Guardian from future liability. In March, Guardian became uncertain about the effect of the divorce decree on this settlement and asked the Alabama court for clarification of the order. Copies of this letter were provided to Terry's and Funkhouser's lawyers.

On June 11, Funkhouser filed a petition for modification and a third party complaint to enjoin Guardian from paying the lump sum to Terry and to require Guardian to pay the lump sum to the Alabama court. Facing rival claims to the lump payment, Guardian answered Funkhouser's third party complaint and interpleaded $180,000 to the Clerk/Register of the Alabama court. Terry then answered the third party complaint, moved for dismissal, and moved to release funds, claiming he was entitled to the $180,000 lump sum payment.

On July 23, Guardian notified the court of a letter it received from Terry's family members, expressing concern about the lump sum settlement. They believed that Terry's illness had affected his ability to make rational decisions and spend money sensibly. The Alabama court held a hearing on the settlement agreement, and on August 28 set it aside, rendering it "null and void *ab initio.*" The court also directed Guardian to continue to make future payments and to withhold child support payments in accordance with the Court's earlier order. Terry did not appeal this order, but at some point, Guardian stopped paying him. Guardian has taken the posi-

tion that Mr. Terry's benefits under his policy with Guardian will resume in 2002, after an appropriate hiatus to compensate for overpayments that accrued while Terry was receiving Social Security benefits for his condition.

On October 19, 1998, Terry filed an action against Guardian in the Circuit Court of Franklin County, Tennessee. He alleged that he relied to his detriment on Guardian's actions and never received the $180,000 the company agreed to pay him to satisfy its obligations under the policy. Guardian removed the case to federal court. Terry then amended his complaint to include an alternative demand that Guardian pay "all his entitlements otherwise granted by the subject insurance policy." The district court dismissed Terry's demand for the $180,000 settlement on the grounds of claim preclusion. Terry's claim for his other benefits under the insurance policy was dismissed for failure to state a claim. Terry now appeals.

## II.

The district court's decision to dismiss Terry's reliance and breach of contract claims on claim preclusion grounds is reviewed de novo. *See United States v. Sandoz Pharmaceuticals Corp.,* 894 F.2d 825 (6th Cir.1990).

The district court held that Terry had already litigated these claims when he appeared before the Alabama court to contest his ex-wife's third party action to modify his settlement agreement with Guardian.

According to the Full Faith and Credit Statute, a federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *See* 28 U.S.C. § 1738. This requires that the United States District

Court for the Eastern District of Tennessee give the Madison County Circuit Court's decision the same preclusive effect that it would be given under Alabama law. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 662 (6th Cir.1990).

■ Alabama law precludes other courts from relitigating claims that have already been tried in its courts if four elements are satisfied: (1) a prior judgment was rendered by a court of competent jurisdiction; (2) a prior judgment was rendered on the merits; (3) parties to both suits (or those in privity with them) are substantially identical; and (4) the same cause of action is present in both suits. *See McNeeley v. Spry Funeral Home of Athens Inc.,* 724 So.2d 534, 537–38 (Ala. Civ.App.1998). If a defendant proves that all four of these elements are met, claim preclusion bars the plaintiff from relitigating his cause of action. *See id.*

■ Applying this standard, the district court found that the Alabama court's decision easily satisfied the first three prongs. First, the Alabama court had jurisdiction over Terry's claim. Trial courts in Alabama have "full authority to settle all of the equities of the parties [to a divorce] according to the evidence." *Southern v. Southern,* 558 So.2d 939, 940 (Ala.Civ.App. 1990). The courts also have ongoing equity jurisdiction to "provide for and protect the welfare of the minor children of a broken marriage." *Cooley v. Cooley,* 51 Ala.App. 273, 284 So.2d 729, 731 (Ala.Civ. App.1973). In *Cooley,* the court held that this includes the power to force the sale of land for this purpose, and that this extends to "all persons having an interest in the property involved" because they are necessary parties.

As to the second prong, the Alabama court's decision was clearly rendered on the merits. The court's judgment indi-

cates that it is based on the "issues raised" by the parties and "good cause shown." Under the third prong, the parties in this suit are substantially identical to those in the first because both Terry and Guardian were parties in the original action.

■ Although the hearing conducted by the Alabama court is not in the record, the fourth prong is also satisfied. In Alabama, the same cause of action is considered to be present in both suits when "the claims in both actions arise out of, and are subject to proof by, the same evidence." *See Equity Resources Mgmt., Inc. v. Vinson,* 723 So.2d 634, 637 (Ala.1998). As noted above, Terry filed a series of motions with the Alabama court, claiming that the $180,000 that Guardian had interpleaded belonged to him. This claim was based on his settlement agreement with Guardian. Because his current breach of contract claims are also based on the validity of the settlement agreement, they "arise out of and are subject to proof by the same evidence." Terry's reliance claim also would have been subject to "proof by the same evidence" raised at this hearing. Even though his reliance claim may have required additional proof of how Guardian induced his reliance and how he relied to his detriment, the evidence necessary for a recovery in this action would not likely "vary materially" from the evidence necessary for recovery in the first action. *Id.* Terry's claim to the $180,000 lump payment was properly dismissed on claim preclusion grounds.

## III.

The district court's ruling that Terry failed to state a claim for determination of present entitlements is reviewed de novo. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

Terry amended his original complaint to include a claim for the determination of his present entitlements under the Guardian Insurance policy. This alternative claim stated, "Plaintiff would request the court to adjudge to the Plaintiff and require the Defendant to pay to the Plaintiff, all his entitlements otherwise granted by the subject insurance policy." The district court noted that any claim that Terry may have to entitlements "under the insurance itself is not barred by res judicata." However, the district court dismissed Terry's claim on the grounds that Terry's complaint "does not assert a claim under that policy." The court did not elaborate further.

■ On appeal, Guardian argues that Terry failed to state a claim because his claim was based on state contract law, which is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Guardian asserts that in order to state a claim Terry must explicitly state that his claim arises under ERISA. *See Ruble v. UNUM Life Insurance Co. of America,* 913 F.2d 295, 297 (6th Cir.1990). The district court stated that Terry had not stated a claim to entitlements under the insurance policy and dismissed on that basis. We believe that Terry did state a claim in his amended complaint, but that his claim is preempted by ERISA and should be filed pursuant to that statute.

■ Any plan established by an employer to provide employee disability benefits, whether through the purchase of insurance or otherwise, is an "employee welfare benefit plan" to which ERISA applies. 29 U.S.C. §§ 1002(1), 1003. ERISA creates a federal cause of action, enforceable either in federal district court or in any state court of competent jurisdiction, for a plan beneficiary who seeks to "recover benefits due to him, ... enforce his rights, ... or clarify his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA supersedes any state laws insofar as they relate to employee benefit plans covered by ERISA, *see* 29 U.S.C. § 1144(a), including breach of contract claims. *See Ruble,* 913 F.2d 295, 297 (6th Cir.1990) (citing *McMahan v. New England Mut. Life Ins. Co.,* 888 F.2d 426, 428 (6th Cir.1989)). Terry's breach of contract claim with respect to the underlying insurance policy falls squarely under ERISA's supersedure clause. Because he has sued under state contract law and not ERISA, he has failed to state a claim on which relief can be granted.

## IV.

For the foregoing reasons, we AFFIRM the dismissal of Terry's claim regarding his settlement contract with Guardian and his claim to entitlements pursuant to the underlying insurance policy.