This case involves a petition to modify and an adjudication of child support arrearage.
By oral stipulation made in the circuit court, the appellant (defendant) limited the matters to be litigated under his petition to modify to the following paragraphs of the agreement of the parties which had been ratified by the court by their divorce judgment rendered on November 1, 1978:
 2. That the defendant shall pay to the plaintiff for the support and maintenance of the minor children of the parties the sum of Three Hundred Dollars ($300.00) per week, with the first payment due and payable on November 3, 1978, and each week thereafter until the children attain their majority or marry.
. . . . .
 6. Defendant shall continue to pay the premiums on the policy of insurance with New York Life, being policy number 33 524 925, in the amount of $150,000.00, and defendant shall continue to pay the premiums on said policy for as long as the plaintiff remains unmarried.
. . . . .
 8. The defendant presently owns eight (8) lots in Sunshine Gardens Estates and described as follows: [descriptions omitted]
 and the defendant agrees that as he sells each of the above described lots, that the plaintiff shall receive one half (1/2) of the net proceeds derived from each of said sales or sale.
 9. That the 9.6 acres of property described further as: [description omitted] shall be sold and when sold, and after payment of the balance of the note of approximately $20,000.00 on said property, that the net proceeds derived therefrom shall be divided equally between the plaintiff and defendant.
Those matters contained in paragraphs six, eight and nine are a portion of the property settlement provisions of the agreement of the parties. A court cannot modify a property settlement, except to correct clerical errors, after a lapse of thirty days from the rendition and entry of a final judgment approving such settlement. A divorce judgment dividing property between the parties is not subject to being modified as to such property division on account of changed conditions. Russell v.Russell, 386 So.2d 758 (Ala.Civ.App., 1980); Higginbotham v.Higginbotham, Ala.Civ.App., 367 So.2d 972 (1979) (this decision especially applies to payment of the life insurance premiums by the defendant under paragraph six, the plaintiff being the owner and beneficiary thereof); Monroe v. Monroe, Ala.Civ.App.,356 So.2d 196 (1978); McEntire v. McEntire, Ala.Civ.App.,345 So.2d 316 (1977); Kelley v. Kelley, 53 Ala. App. 608,303 So.2d 108 (1974). Thus, the *Page 939 
lower court was correct in not altering any of the provisions of said paragraphs six, eight or nine.
The defendant at the time of the divorce wholly owned his own corporation, Betr Homes, Inc., which was principally engaged in the construction and sale of residences in the Birmingham area. General economic conditions and increasing interest rates have been especially severe to the house building industry. Betr Homes and the defendant have not commenced new construction of a house since November 1, 1978, except for the foundation of one house, but they have completed the building of and sold five out of six houses then under various stages of construction. After April 1979, the business had no employees and was essentially dormant; however, three of the houses were sold thereafter for net receipts of $8,912, the last profitable sale being in August 1979.
In 1978 his salary from Betr Homes was $15,250, with net business income of $1,983 and gross capital gains of $24,528. His weekly income draws from Betr Homes, which netted him $206 per week in November 1978, were increased to $537.50 net per week, but ceased in April 1979. From May 1979 he worked for his father, who was additionally generous to his son, and, on the date of the trial, his net income was $178.48 per week. In the fall of 1979 he had completed the requisite real estate courses and examinations; which, hopefully, would lead towards a renewal of his real estate salesman's license.
The defendant filed his petition to modify on July 10, 1979. After the ore tenus hearing on January 15, 1980 the trial judge, on February 7, 1980, rendered a judgment reducing the child support payments from $300 per week to $100 per week, and a judgment was rendered against defendant in the amount of $7,200 for arrearage of child support from July 10, 1979 to January 15, 1980, after crediting defendant with $600 paid thereon out of the Betr Homes' bank account. During that period of time the defendant had $4,254 deposited to his personal bank account.
Since the divorce he traveled with girlfriends and/or his children as follows: once for a week at Vail, Colorado; five pleasure trips to Florida; one to Six Flags; and two to North Carolina. Some of his expenses on behalf of friends were detailed.
Although he sold a portion of his personal property, including some debt-free vehicles, he purchased a 1979 Cadillac on credit.
Most diligent and capable counsel for the appellant now seeks to place the trial judge in error for not further reducing child support payments below $100 per week, and for not commencing such reduced payments as of July 10, 1979 rather than becoming effective on January 15, 1980, which would thereby considerably reduce the amount of delinquency in child support payments.
Questions of fact were involved in deciding both of these issues. The learned trial judge had a judicial discretion to exercise, and we cannot disturb his decision unless it was so unsupported by the evidence as to be palpably wrong, manifestly unjust or plainly erroneous. Childress v. Childress, Ala.Civ.App., 378 So.2d 1147 (1979); Murphree v. Murphree, Ala.Civ.App., 366 So.2d 1132 (1979). The amount of periodic child support payments and the effective dates upon which the reduced payments would become effective were matters within the sound discretion of the circuit judge. After carefully reviewing all of the evidence, we cannot say that the trial court plainly and palpably abused its discretion in either regard.
We, therefore, affirm.
The appellee is not awarded an attorney's fee on this appeal under all of the circumstances of the case.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 940