This appeal involves a post-divorce sale of real estate.
The December 1979 divorce judgment summarily approved and incorporated therein an agreement of the parties which contained the following provisions:
 3. The parties agree that the husband shall have the use of the house owned by the parties located at 621 Daffodil Drive, Millbrook, Alabama, and the husband shall be responsible for the mortgage payments due on said property. Should the house be sold, the equity from the sale of the property will be divided equally between the parties.
In August 1980 the former wife filed her petition to modify, which, among other relief, sought the sale of the house and an equal division of the net sale proceeds. She alleged that the former husband no longer resides on the property and that he had threatened to burn the house. The husband's answer denied such averments. While no witness's evidence presented at the hearing held by the trial judge appears in the appeal record, from two exhibits which are included in the transcript it appears that the husband on two occasions had listed the property for sale with separate real estate agencies, the last listing being in July 1980. The September 1980 judgment of the circuit court by explicit provisions ordered a sale of the property, and the husband here contends that the trial court was without authority to so adjudge in that the judgment improperly modified a property settlement.
We concur with the husband that a divorce judgment dividing property between the parties is not subject to modification as to such property division on account of changed conditions.Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980);Russell v. Russell, 386 So.2d 758 (Ala.Civ.App. 1980). However, the 1980 judgment did not modify the 1979 agreement and judgment. The agreement authorized an equal division of their equity in the property should the house be sold and no alteration as to such provision was made by the latest judgment. The agreement was ambiguous since it did not state how, when, by whom or in what manner the house would be sold, and the judgment clarified such matters. By virtue of the agreement of the parties, the court originally had jurisdiction of the property. By operation of law, the circuit court retained jurisdiction for any further judgments which might be subsequently required in order to enforce, implement *Page 1024 
or make a final disposition of the matter. For the purposes of appeal, the 1979 divorce judgment was final; yet, it was also interlocutory in nature "insofar as necessary to implement or enforce the provisions as to final disposition of the property by sale and division of the proceeds. (Citations omitted)."Haney v. Haney, 50 Ala. App. 79, 277 So.2d 356 (1973). In Haney
the husband raised the same issue as is here involved and it was there decided contra to him.
On the merits the appeal must, therefore, fail; however, it is necessary to affirm the judgment for an additional vital reason. The contract approved by and incorporated in the judgment of divorce was ambiguous or uncertain concerning the sale of the property, and it was the duty of the court at the last hearing to construe it so as to express the intent of the parties or of the trial judge. Price v. Price, 360 So.2d 340
(Ala.Civ.App. 1978). Evidence "of facts and circumstancesaliunde (from another source) or in pais (outside the record of the contract) may be introduced" to aid the court in construing its true meaning. Miles College, Inc. v. Oliver, 382 So.2d 510
(Ala. 1980). None of the testimony is included in the record. Such evidence may have influenced the trial court in reaching its decisions. Under such circumstances, we do not disturb the findings of the trial court but must presume that the evidence was adequate to sustain the judgment. Valley Mining Corporationv. Metro Bank, 383 So.2d 158, 165 (Ala. 1980).
We affirm.
Appellee's request for an attorney fee on appeal is denied. This action brought by the wife is merely for construction of the original decree and sale of property. It does not relate to modification, or enforcement of payment of support or alimony. We therefore deny an attorney fee.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code of Alabama (1975), and this opinion is hereby adopted as that of the court.
AFFIRMED.
ALL THE JUDGES CONCUR.