INGRAM, Judge.
Robert Waits and June Waits were divorced in January 1983. The decree of divorce incorporated a separation agreement of the parties which included inter alia a provision concerning the sale of the principal residence and division of proceeds in case of a sale. In April of 1986, Mr. Waits filed a complaint for modification of the divorce decree, claiming that the paragraph concerning the sale of the residence is ambiguous and due to be clarified. The complaint requested that, after hearing, the house be ordered sold and $6,000.00 of the sale proceeds be paid to Mr. Waits. An amended complaint was filed in July 1986, asking the trial court to award either $6,000.00 or one-half the equity in the house, whichever amount is greater. A hearing was held in September 1986, with evidence being presented ore tenus. An order was entered on September 26, 1986, which stated that the intent of the parties as to the disposition of the house was clearly expressed in the agreement and required no modification. A motion for new trial, or in the alternative, to alter, amend, or vacate the judgment was filed by Mr. Waits on October 21,1986. The motion was overruled. This appeal followed.
The provision of the divorce decree pertinent to appellant’s claim reads as follows:
“8. The Party of the Second Part shall convey all his title, right and interest in the house located at 954 Boswell Drive, Oxford, Alabama, to the Party of the First Part. The Party of the First Part shall be responsible for all payments on said house. In the event that the house located at 954 Boswell Drive is ever sold the Party of the Second Part shall receive $6,000.00. The Party of the First Part shall have the exclusive right to determine if and when the house located at 954 Boswell Drive is ever sold.”
The dispositive issue on appeal is whether the trial court erred in finding that the provision in the decree of divorce (whereby Mrs. Waits agreed to pay Mr. Waits $6,000.00 upon the sale of the house) was not ambiguous and, therefore, required no clarification.
Appellant concedes that, generally, a property settlement entered into upon divorce is not modifiable, Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980). However, where the decree was ambiguous, vague, or failed to provide for a specific time to dispose of an asset, the decree should be modified. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App. 1981). Appellant contends that the paragraph of the divorce decree concerning the sale of the house in the present case is vague and ambiguous as it fails to provide a specific time when the house would be sold and appellant would receive his $6,000.00.
Appellant relies predominantly upon Mayhan, supra, where the court found a property settlement agreement ambiguous *1009 “since it did not state how, when, by whom, or in what manner the house would be sold.” 395 So.2d at 1023. However, May-han is distinguishable as it concerned the use of a house by one party, rather than a transfer of title as in the present case. Furthermore, the agreement in the case at hand clearly states that the wife shall have the exclusive right to determine if and when the house is ever sold. The language concerning the disposition of the house very adequately expresses the intent of the parties. We also note that there was sufficient consideration for the conveyance of the house to the wife.
In view of the above, we find the trial court’s action is correct, and we therefore affirm the judgment.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.