This is an appeal from an order by which the court clarified the terms of a property settlement provision entered into by the parties and incorporated into their divorce decree.
Elizabeth Ann Lloyd and Kenneth R. Lloyd were divorced by the Houston County Circuit Court on December 9, 1982. Incorporated into the judgment were the terms of a settlement agreement entered into between the parties.
For purposes of appeal, the pertinent part of the settlement agreement is as follows:
 "(4) The parties agree that their former residence at 1505 Summit Street, Dothan, Alabama, shall be the separate property of Plaintiff, with Defendant reserving certain rights in the equity contained therein as set forth herein. The parties do hereby conclusively agree and fix the current value of such home at $61,000.00. Should said home be sold within 12 months from the date of this agreement, the net equity realized therefrom, after deduction of all closing costs and realtor's commission, if any, will be divided as follows: 10/21sts of such net equity to Plaintiff and 11/21sts to Defendant. If said home should be sold after 12 months from the date of this agreement, all sums received in excess of $61,000.00 shall be the separate property of Plaintiff, without any charge against such sum. The net equity realized on the balance of the purchase price, as set forth above, shall be then divided between the parties as set forth above.
 "Plaintiff agrees that she shall assume and pay according to its terms the first mortgage indebtedness on the aforesaid house and lot, as well as all maintenance and repairs on such home."
On January 27, 1986 the plaintiff, Elizabeth Ann Lloyd, filed a petition to modify the divorce judgment. Plaintiff's petition requested that the amount of the defendant's child support payments be increased. Defendant responded by filing a cross-petition to modify in which he requested, inter alia, a clarification of the divorce judgment as it pertained to defendant's rights in the parties' marital residence.
On August 11, 1986 the trial court issued its order in response to the petitions to modify. The order provided, among other things:
 "(1) That the former residence of the parties situated at 1505 Summit Street, Dothan, Alabama, shall be sold at such time as all of the minor children of the parties shall have reached the age of majority, died, married, become self-supporting, left the custody of the Plaintiff, except for school, or at such time as the Plaintiff shall move from such home, remarry, or live openly or cohabit with an adult male therein; then, upon the happening of any such event, the house and lot together with any improvements situated thereon shall be sold and the net proceeds derived from said sale shall be divided between the parties in accordance with the provisions of the settlement agreement which was incorporated into the Final Judgment of Divorce. The former residence of the parties may be sold prior to the happening of any such event should both parties agree to a sale. Upon the happening of any event which would require the sale of the home or upon the agreement of the parties to sell the home, the Plaintiff shall have the first option to purchase the Defendant's interest with such to be determined by an appraisal of the home's fair market value at such time by a disinterested appraiser, *Page 278 
unless the parties can otherwise agree as to a purchase price."
The trial court predicated its order by stating that the action taken was the result of a necessity:
 "[T]o construe the settlement agreement so as to express the intent of the parties insofar as necessary to implement or enforce the provisions as to final disposition of the property by sale and division of the proceeds and to clarify how, when, by whom or in what manner the house should be sold. . . ."
Mrs. Lloyd appeals the court's order and maintains that the provision regarding the sale of the marital residence was a nonmodifiable property settlement.
Property settlements are not modifiable because there has been a change in circumstances. Russell v. Russell,386 So.2d 758 (Ala.Civ.App. 1980). Once thirty days have elapsed from the date of a divorce decree, a property settlement may be modified only for the purpose of correcting any clerical errors. Russell, supra.
However, we note that the defendant's cross-petition requested clarification, not modification of the property settlement. If a property settlement's provisions directing and governing the property's sale are ambiguous, then a judgment clarifying such matters is not a modification of the agreement. Mayhan v. Mayhan,395 So.2d 1022 (Ala.Civ.App. 1981).
The court's order pointed out the ambiguity of the settlement agreement when it stated the need for clarification on the issues of how, when, by whom, or in what manner the house should be sold. It appears from the evidence that the wife wanted to retain ownership for the benefit of the minor children. Moreover, it appears from the parties' agreement that it was their intent that the property would be ultimately sold. Hence, there was an ambiguity in the agreement as to when the property was to be sold. In such a situation we have said that the divorce judgment, although final for purposes of appeal, is also interlocutory in nature insofar as implementing the provisions of the agreement relating to a final disposition of the parties' property. Mayhan v. Mayhan, supra.
Further, such ambiguities mandate that the trial court construe the agreement so as to reflect the parties' intentions. Mayhan, supra. We have reviewed the record and are satisfied that this is precisely the course of action taken by the trial court. Absent a finding that its decision was so unsupported by the evidence or that it was manifestly unjust or plainly and palpably wrong, we are bound to affirm.Culverhouse v. Culverhouse, 389 So.2d 937
(Ala.Civ.App. 1980). We fail to find any abuse of discretion in the court's clarification of the agreement via its enumeration of conditions triggering a sale.
Therefore, the circuit court's judgment is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.