ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
In April 1988 Margaret Timbes filed a petition in the Circuit Court of Colbert County seeking a divorce from Charles Timbes after thirty years of marriage. A hearing was held on August 31, 1988 on the wife’s petition and several motions filed by both parties. On September 13, 1988 the court divorced the parties on the ground of the husband’s adultery. The court further ordered the personal property divided and the jointly-owned real property sold, with the proceeds used to pay certain arrearages, and any remainder divided equally between the husband and wife. The court also awarded the wife a pickup truck and a certain amount of cash.
On October 11, 1988 the wife filed a motion to alter or amend the divorce decree. She filed an amendment to this motion on October 17, 1988. Hearing on the motions was held on November 14, 1988. The trial court issued its order on November 29, 1988. This order amended the September 13, 1988 order by awarding the wife the marital home and requiring the husband to satisfy any indebtedness on it. The court then ordered the remaining real property owned by the parties sold, with the proceeds to be used to pay the costs of court, any arrearages, and the mortgage payments. Additionally, the court awarded the wife $50 per week as periodic alimony.
On December 7, 1988 the husband filed a motion to alter, amend, or vacate the November 29, 1988 decree. Also on December 7, 1988, the husband filed a petition asking that the wife be held in contempt. The wife responded by filing an answer to the petition and by filing a petition seeking to have the husband held in contempt. These motions were heard by the court on February 14, 1989. On February 16, 1989 the court altered its November 29, 1988 decree by awarding the wife twenty acres of land. The court found that this twenty acres was the only land the parties owned. *626 The court said that the marital home had been lost to foreclosure due to the failure of the husband to make previously ordered mortgage payments. The court specifically nullified the previous order requiring the twenty acres to be sold. There were other awards made by the court, which are not pertinent to the issues raised on appeal.
The husband appeals from the February 16, 1989 order. The only transcript of testimony included in the record on appeal is that of the February 14, 1989 hearing which resulted in the February 16, 1989 decree.
In his first issue husband argues that the trial court could not modify a property award in a divorce case after the expiration of thirty days. He says that the February 16, 1989 order awarding the wife the parties’ twenty acres of land came more than thirty days after the November 29, 1988 decree requiring the twenty acres to be sold and the proceeds used to pay court costs, arrearages, and mortgage payments. He relies on the case of Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980), for the proposition that a trial court loses jurisdiction over a property award decree after the expiration of thirty days. This is true in the absence of a timely-filed postjudgment motion.
In the case at bar the husband filed a Rule 59(e), Alabama Rules of Civil Procedure, motion to vacate the November 29, 1988 decree on December 7, 1988. Several other motions were filed and all of them were heard by the court on February 14, 1989. A decree was rendered by the court on February 16, 1989.
We held in the case of Battle v. Battle, 476 So.2d 109 (Ala.Civ.App.1985), that a trial court could not modify or amend a property award in a divorce case after the expiration of thirty days unless a proper motion has been filed within thirty days of the divorce decree.
In the case at bar the husband filed a Rule 59(e) motion on December 7, 1988, well within the thirty-day period. This motion, along with other motions, was ruled on by the court on February 16, 1989, which was within the ninety-day period provided by Rule 59.1, A.R.Civ.P. The trial court had jurisdiction of the property issue when it ruled in February 1989.
In his next issue the husband says that a trial court cannot amend a property award based on changed circumstances. He contends that the trial court in the case at bar considered his failure to make the mortgage payments on the marital home, as ordered in the November 29, 1988 decree, as a change in circumstances since that decree. The husband correctly asserts that a property award in a final decree is not modifiable after the expiration of thirty days. Robinson v. Robinson, 410 So.2d 426 (Ala.Civ.App.1981). However, in the case at bar the November 29, 1988 decree was not a final decree. The husband had filed a Rule 59(e) motion asking that the November 29, 1988 decree be vacated. In this posture, the November 29, 1988 decree could be and was amended by the trial court, because a timely-filed postjudgment motion kept it from being final.
In his third issue husband contends that the trial court could not amend the November 29, 1988 decree based on a petition of contempt.
The trial court heard testimony and considered other evidence at a hearing, culminating in the November 29, 1988 decree. Where a divorce case is presented to the trial court ore tenus, the judgment is presumed correct and will not be set aside unless so unsupported by the evidence as to be an abuse of discretion. Porter v. Porter, 477 So.2d 433 (Ala.Civ.App.1985). We do not find that the trial court abused its discretion.
After the November 29, 1988 decree was rendered by the trial court, the husband not only filed a petition to have his wife held in contempt but also filed a Rule 59(e) motion asking that the November 29, 1988 decree be vacated. The wife also asked the trial court to hold the husband in contempt. As can be seen, the trial court had before it not only petitions for contempt but also a timely-filed Rule 59(e) motion. This 59(e) motion prevented the November 29, 1988 *627 decree from being final, thus allowing the court to alter or amend it.
In his final issue husband suggests that the trial court abused its discretion in the property award to the wife.
As noted by the husband, a trial court is given wide discretion in crafting property divisions, and its decrees will not be reversed absent an abuse of that discretion. Dobbs v. Dobbs, 452 So.2d 872 (Ala.Civ.App.1984).
In the case at bar the record reveals the parties had been married for about thirty years, the husband had committed adultery, and the wife was unemployed and had no place of her own to live. Based on these facts, we cannot say that the trial court abused its discretion in its property award.
The wife is awarded an attorney’s fee on appeal in the amount of $500.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving oii active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.