ROBERT P. BRADLEY, Retired Appellate Judge.
This case involves postdivorce proceedings.
On January 17, 1986 Carl Walter Martens (husband) and Donna Scott Martens Dunham (wife) were divorced in the Circuit Court of Monroe County, Alabama. The divorce decree incorporated an agreement of the parties regarding the division of property.
On December 21, 1989 the wife filed a petition for rule nisi, seeking to enforce the earlier property agreement. After an ore tenus proceeding on March 14, 1990, the trial court did not find the husband in contempt but entered an order to enforce the property settlement. The husband filed a motion to reconsider on March 16, 1990. The motion was pending for ninety days, after which it was denied by operation of law. The husband appeals from both the final judgment and the subsequent denial of the motion to reconsider.
The record reveals the following pertinent facts: At the time of their divorce, the parties owned their marital residence in Monroeville and a condominium in Florida. Both parcels of property were mortgaged and both were jointly held by the parties. The parties entered into a divorce agreement which included the following paragraphs:
“9. Defendant will hereby be responsible for all joint notes as of the time of the final divorce decree. Plaintiff shall continue to be responsible for her one-half interest on joint notes in the Mon-roeville residence and the Florida condominium for purposes of determining her net equity in those two properties as provided under number 12.
[[Image here]]
“12. ...
“C. Upon the sale of the residence in Monroeville, the Plaintiff shall be entitled to one-half of the total equity in the Monroeville house as well as her one-half interest equity in the condominium. Equity amounts in the Monroeville residence shall be determined from the sales price and from the mortgage balances existing at the time of sale. Equity in the condominium shall be determined by the difference in the appraised value of said condominium and the mortgage balance existing at that time.” (Emphasis added.)
In 1988, an opportunity arose for the sale of the Monroeville residence. At that time, the parties’ counsel discussed and resolved several issues which arose from the sale and which had not been specifically addressed in the property settlement. Their conclusions were outlined in a letter, dated December 20, 1988, which contained the following paragraph:
“4. Any loss on the homeplace (on the question of equity) will not be considered and/or taken into consideration when the equity in the Florida condominium is finally calculated. In other words, [the wife] is to have ½ of the equity from the condominium in cash and that equity will not be reduced by any loss on the homeplace.”
(Emphasis added.)
The Monroeville residence was sold in January 1989. Following the sale, the husband’ refused to pay the wife one-half equity in the condominium, thus prompting the *1192 wife to ask that the husband be cited for contempt.
At the .contempt hearing, the trial court calculated the amount due to the wife as follows: beginning with the appraised value of the condominium ($55,000), the court subtracted the stipulated amount of the loan balance ($21,714.27), for a total of $33,285.73. The court then found that one-half this amount ($16,642.87) was due to be paid to the wife as her share of the equity in the condominium. The husband was not found to be in contempt.
The sole issue on appeal is whether the trial court incorrectly computed the net amount to be paid to the wife, according to the terms of the divorce agreement.
The husband argues that the wife’s share of the condominium equity must be reduced by the amount of the wife’s interest on the “joint notes,” for which she was responsible under paragraph 9 of the property settlement.
After a close review of the original divorce agreement, we find that the provisions in paragraphs 9 and 12 are patently ambiguous. While paragraph 9 refers to the wife’s continued “responsibility” for her share of the joint debt, the parties agree that she is in no way liable for any actual payments. The agreement is silent as to how the wife’s "responsibility” is to manifest itself in the computation of the equity.
It is well settled that where there is uncertainty and ambiguity in such an agreement it is the duty of the court to construe the agreement so as to express the intent of the parties. Weathers v. Weathers, 508 So.2d 272 (Ala.Civ.App. 1987). Since it is presumed that parties intend to make reasonable agreements, courts will give ambiguous agreements a reasonable construction to avoid unconscionable results. Weathers. Once it appears that a contract is ambiguous, the court will construe it more strongly against the party who prepared it. Weathers.
The record reveals that the husband’s attorney drafted the agreement incorporated into the decree, and the record suggests that the trial court apparently gave considerable weight to the December 20 letter in its effort to resolve the ambiguities in the original agreement.
The December 20 letter unequivocally provides that the wife is to receive one-half the equity from the condominium, without qualification or reserve. The trial court considered this language sufficient to dispel any ambiguity in the original agreement. Evidence of facts and circumstances outside the original agreement may be considered by the trial court to assist it in removing any uncertainty or ambiguity in a divorce decree. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981).
An examination of the record in light of the statements in the December 20 letter and the fact that the husband’s attorney drafted the original agreement leads us to the conclusion that no error infects the trial court’s interpretation of the divorce decree. Consequently, the trial court’s decree is affirmed.
Wife’s request for an attorney’s fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.