We granted the wife's petition for writ of certiorari to the Court of Civil Appeals. The issue presented is whether the Court of Civil Appeals correctly reversed the trial court's interpretation of a property settlement agreement on the ground that the trial court had improperly modified that agreement, which had been made by the husband and wife and which had been incorporated into their divorce judgment. The petitioner claims that the trial court merely clarified the settlement agreement and that it had a right to do so. We agree. Therefore, we reverse.
The pertinent facts are as follows: On December 12, 1986, James and Barbara Bonds entered into a contract for the construction of a house. The contract provided for a total purchase price of $197,500 and provided that the Bondses would make a $20,000 down payment. To make the down payment, James borrowed $20,000 from AmSouth Bank. In April 1987, James and Barbara Bonds were divorced.
The Bondses' divorce judgment incorporated by reference a settlement agreement entered into between the Bondses on April 3, 1987. This agreement included a settlement with regard to the building contract. Section 9.4, "House under Construction," provided:
 "All payments, if any, made by Husband for interest and any required principal paid as required by [AmSouth Bank], shall be reimbursed to Husband from the proceeds of the sale; otherwise, the parties shall equally share in the proceeds of the sale. Should the sale of the house under construction fail to provide sufficient funds to fully reimburse Husband for all interest and any portion of required principal paid, then Wife shall pay to Husband upon the sale of the house under construction, one-half (1/2) of all unreimbursed interest and/or required principal paid by Husband on said loan. . . . [I]n the event any loss is incurred by the parties resulting from the house under construction, each party shall be equally liable for all loss incurred thereon." (Emphasis added.)
The builder completed the house more than one year after the divorce. On or about February 27, 1989, the builder, who had failed to include several amenities provided for in the contract, including a swimming pool, sold the house for $195,000 and received all proceeds from the sale. However, he never returned the $20,000 down payment to either James or Barbara Bonds. On September 15, 1989, James filed a petition alleging that Barbara had failed to pay him one-half of the $20,000, which he says was due him under the settlement agreement. On November 30, the trial court found Barbara liable to James in the amount of $8,116.29 and held that James should "make good (and better) faith efforts to collect the $20,000 [that] he claims is owed [to] him from the builder."
On December 8, 1989, the trial court amended its order to state that Barbara, after paying the $8,116.29, also "shall be responsible for . . . one-half of the principal and interest remaining on the $7,000 balance due" on the debt. On January 8, 1990, the trial court again modified its order with regard to the repayment of the $20,000 loan to AmSouth:
 "[I]t would appear to the court [that] an inequity would lie if the court required the former wife to share in this liability absent proof from the former husband that he has exhausted his remedies against the builder. . . . Until the court is satisfied . . . from clear and convincing evidence that [James] has made such efforts, *Page 486 
the court declines to require [Barbara] to share in such liability."
On February 20, 1990, James appealed to the Court of Civil Appeals and on June 20, 1990, that court reversed the judgment and remanded the cause for a determination of damages.581 So.2d 481. The central holding by the Court of Civil Appeals was that the trial judge had impermissibly modified the settlement agreement that had been incorporated into the divorce judgment. Barbara's application for rehearing was denied, and she petitioned this Court for a writ of certiorari. We granted her petition on October 24, 1990.
The law regarding a trial court's discretion involving property settlements is well established. An order that clarifies a provision in a property settlement agreement does not constitute an improper modification. Lloyd v. Lloyd,508 So.2d 276 (Ala.Civ.App. 1987). Additionally, where there are ambiguities in a settlement agreement, the trial court must construe the agreement so as to reflect the parties' intentions. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App. 1981). Under the ore tenus rule, the trial court's findings are subject to reversal only if they are plainly and palpably wrong, manifestly unjust, or not supported by the evidence.Robbins v. Robbins, 537 So.2d 964 (Ala.Civ.App. 1988). Thus, in reviewing the Court of Civil Appeals' reversal of the trial court's order of January 8, 1990, we must determine whether the trial court's order, construing Section 9.4 of the property settlement agreement, was plainly and palpably wrong, manifestly unjust, or not supported by the evidence.
Barbara argues that Section 9.4 is ambiguous and that the trial court properly interpreted that section in its January 8, 1990, order. She contends that, under the agreement, she is not required to contribute anything toward the $20,000 debt to AmSouth unless the sale of the house fails to provide sufficient funds to fully reimburse James for all interest and any portion of required principal paid. Barbara argues that the sale of the house provided sufficient funds to reimburse James for the entire $20,000 debt to AmSouth, but that the builder has refused to pay over to James any of the sale proceeds, including the $20,000 down payment.
James, on the other hand, maintains that Section 9.4 unambiguously states that he and Barbara would equally share in the expense of the $20,000 debt to AmSouth. James contends that the Court of Civil Appeals correctly reversed the trial court's order, and he argues that the order, requiring him to "exhaust all good faith efforts" to collect the $20,000 from the builder before Barbara would become liable, is an improper modification, rather than an allowable clarification, of the property settlement agreement. He also insists that Section 9.4 clearly provided that Barbara was to be responsible for repaying one-half of the interest and principal in regard to the loan with AmSouth if the sale of the house did not provide sufficient funds for reimbursement, and he alternatively asserts that because Barbara also signed the contract for construction with the builder, she has an equal responsibility to collect the $20,000 from the builder.
We conclude that the trial court merely "clarified" the property settlement agreement and did not improperly "modify" it. We further hold that the trial court's clarification of the agreement was within its discretion, and that the trial court's interpretation was not plainly and palpably erroneous, manifestly unjust, or without support in the evidence.
In Lloyd v. Lloyd, supra, a case involving a settlement agreement provision regarding the sale of the parties' house, the Court of Civil Appeals held that "if a property settlement's provisions directing and governing the sale are ambiguous, then a judgment clarifying such matters is not a modification of the agreement." 508 So.2d at 278. In Weathersv. Weathers, 508 So.2d 272 (Ala.Civ.App. 1981), likewise, the trial court clarified a settlement agreement incorporated into a divorce judgment. Affirming the judgment of the trial court, the Court of Civil Appeals relied on contract law, stating: *Page 487 
 "It is well settled that where there is uncertainty and ambiguity in a contract, it is the duty of the court to construe the contract so as to express the intent of the parties. . . . Also, since it is presumed that parties intend to make reasonable contracts, courts will give ambiguous contracts a reasonable construction to avoid unconscionable results. . . . And once it appears that a contract is ambiguous, the court will construe it more strongly against the party who prepared it. . . ."
508 So.2d at 274.
We hold that the terms of the settlement agreement providing for Barbara to pay one-half of the $20,000 debt to AmSouth are ambiguous. Section 9.4 of the agreement, incorporated into the divorce judgment, requires that "the Husband be reimbursed from the sale" and that Barbara's obligation for one-half of the $20,000 debt is activated if the sale of the house fails to provide sufficient funds to fully reimburse James. These provisions do not express the terms by which James is to be reimbursed, nor do they explain under what circumstances either party may claim that the sale of the house failed to provide sufficient funds for reimbursement. Thus, we hold that it was within the trial court's discretion to clarify the settlement agreement; consequently, the judgment of the Court of Civil Appeals is reversed and this cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.