The parties were divorced in October 1990. The judgment of divorce provided the following pertinent provision:
 "The Plaintiff [wife] is hereby awarded the exclusive possession of the residence . . . subject, however, to the mortgage . . . and subject to any order of the United States Bankruptcy Court for the Northern District of Alabama . . . pertaining to Plaintiff, Rowena Williams, until July 1, 1994 (the date the parties' minor child reaches the age of majority). Within 30 days immediately following July 1, 1994, the Plaintiff shall cause said property to be placed for sale with a licensed realtor in Tuscaloosa, Alabama, and the proceeds of said sale shall be applied as follows:
". . . .
 "E. The balance, if any, one-half to Plaintiff and one-half to Defendant.
 "The parties hereto are hereby ordered to cooperate in the effecting and consummation of the listing and sale of the property ordered herein-above including execution of all documents or instruments. In the event said property is sold through foreclosure or voluntarily by the parties hereto prior to July 1, 1994, distribution of the proceeds from any such sale shall be in accordance with the formula set out hereinabove."
In March 1991 the wife filed a petition to modify. She requested a sale of the house and an equal distribution of the proceeds pursuant to the original decree. She alleged that a material change in circumstances had occurred in that she and the minor child were contemplating moving into her mother's home because the mother was in poor health and in need of assistance. She further alleged that the mortgage payments were creating a substantial economic hardship.
Following oral proceedings, the trial court ordered a sale of the property. The husband appeals pro se and alleges that the court did not have jurisdiction to entertain the petition because the provisions contemplating the sale were a property settlement and therefore not modifiable. He contends that under the terms of the decree the home could not be sold until after July 1, 1994.
As a general rule, property settlements are not modifiable.Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980). "If a property settlement's provisions directing and governing the property's sale are ambiguous, then a judgment clarifying such matters is not a modification of the agreement." Lloyd v. Lloyd, 508 So.2d 276 (Ala.Civ.App. 1987).
The ordered sale of the property in this instance was not a modification of the parties' property settlement but rather was a clarification of the pertinent provisions. The original decree authorized a sale and an equal division of the proceeds after "July 1, 1994" or "in the event said property *Page 881 
is sold through foreclosure or voluntarily by the parties hereto prior to July 1, 1994. . . ." This language in the decree created an ambiguity concerning the disposition of the property. We have said that in such a situation "the divorce judgment, although final for purposes of appeal, is also interlocutory in nature insofar as implementing the provisions of the agreement relating to a final disposition of the parties' property." Lloyd. In this instance, due to the ambiguity, the trial court had jurisdiction to dispose of the matter.
Further, if a decree of divorce is ambiguous or uncertain in its terms, it is the duty of the trial court to construe the ambiguous provisions so as to reflect the intent of the parties. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App. 1981). The trial court may allow parol evidence to determine the intention of the parties. Lammons v. Lammons, 481 So.2d 390
(Ala.Civ.App. 1985). There was a hearing on the wife's petition. However, no testimony from that hearing is included in the record. Therefore, we must presume that the evidence was sufficient to support the trial court's judgment. Mayhan.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.