THIGPEN, Judge.
This is a divorce case.
The parties were divorced in January 1989, and at that time, the wife intended to sell the marital home. The wife owned the home prior to the marriage and was awarded full title and interest in the home. The divorce decree provided that the husband would make certain necessary repairs to the home in preparation of this sale.
In February 1991, the wife filed a Motion for Rule Nisi, contending that the husband had not made adequate repairs on the home, that he had not made any child support payments, and that he had failed to maintain financial responsibility for the marital debts. In response, the husband contended that he was not in violation of the divorce decree because the home was to be sold to pay the marital debts, and that the child support payments were not due until sixty days after the closing on the home. The husband also requested a reduction in his child support obligation to comply with the child support guidelines of Rule 32, Alabama Rules of Judicial Administration.
The trial court did not find the husband in contempt, and issued the following order:
“1. The [wife] is hereby awarded the homeplace of the parties upon the [husband] paying to the [wife] the sum of $11,104.26 for repairs to the homeplace and for the [husbandjs portion of the debts as of November 1, 1988....
“2. Child support payments shall commence on August 1, 1991, ...
[[Image here]]
“4. The [husband] is thereby relieved from making the mortgage payments on the homeplace....”
The husband’s post-judgment motion was denied. Hence, this appeal. The disposi-tive issue is whether the trial court erred in modifying the divorce decree.
Pertinent provisions of the divorce decree read as follows:
“2. Ronald L. Williams shall pay Stephanie B. Williams the sum of $700.00 per month as child support. Said child support shall begin sixty days after the closing of the sale of the homeplace and not before.
[[Image here]]
“7. ... It is the intention of Stephanie B. Williams to place the homeplace on the market for sale. Upon the sale of said homeplace, all debts of the marriage accrued prior to November 1, 1988 will be paid from the equity, and any remaining equity shall be paid to Stephanie B. Williams.
“8. Pending the sale of said homeplace, Ronald L. Williams shall be responsible for the payment of any and all mortgage liens on said homeplace, according to the tenor of said mortgage and shall be responsible for any repairs and maintenance of said homeplace.
[[Image here]]
“10. Pending the sale of said home-place, Ronald L. Williams shall maintain all debts of the marriage by paying on said debts in the usual fashion, preventing the same from becoming delinquent.”
Generally, the property settlement provisions of a divorce decree are not modifiable. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980). Where the terms within the decree are ambiguous, vague, or fail to provide for specific disposition of an asset, however, the decree may be modified to construe express intentions. Mayhan v. Mayhan, 395 So.2d 1022 (Ala.Civ.App.1981).
We find that the original decree did not require the home to be sold. At that tirne,_it was.-the wife’s intention to sell the home, and therefore, the decree was written accordingly. The wife has now testified that she is uncertain whether she will sell the home. Therefore, there is no ascertainable disposition of this asset and the divorce decree did not mandate one. It *1025 was proper for the trial court to construe the decree to reflect the intentions of the parties.
The husband argues that this order requires him to pay for the repairs and receive no credit for the payments that he has made since the divorce toward the marital debts. Ostensibly, he is arguing that had the house been sold, then his responsibility for payment of the marital debts would have been relieved. The testimony revealed that the husband benefitted by living in the home the year following the divorce and additionally was not required to pay child support during that time.
In terms of child support, the evidence revealed that the parties agreed to the amount of monthly child support and the divorce occurred prior to the implementation of Rule 32, A.R.J.A. The husband now contends that this amount is beyond his financial ability. A child support award may be modified upon a showing of changed circumstances. Conradi v. Conradi, 567 So.2d 364 (Ala.Civ.App.1990). The husband has failed to meet that burden.
The evidence indicated that the house may not be sold in the near future. The trial court set a specific date for the child support to begin and in doing so, it relieved the husband from making the mortgage payments in accordance with the intentions of the divorce decree. Further evidence in this case revealed that the husband now has a higher income than when the divorce decree was entered. Accordingly, the evidence does not justify a reduction in his child support obligation.
In view of the above, we find that the judgment of the trial court was correct, and we therefore affirm.
The wife’s request for an attorney fee on appeal is granted in the amount of $500.00.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.