ROBERTSON, Presiding Judge.
James Randolph Smith and Patricia M. Smith were divorced in Escambia County, Alabama on January 11, 1988. The parties entered into a divorce agreement which the trial court incorporated into the divorce decree. The relevant portion of the divorce decree to this case is paragraph ten, which reads as follows:
[t]hat the [husband] will assume all joint debts of the marriage. The [wife] shall receive the house located at 3908 Bishop Street in Detroit, Michigan. The [husband] will repay $3,500 to [the wife’s] mother representing a loan for educational expenses.”
After the trial court entered the judgment of divorce in Alabama, the wife’s mother, Mary P. Ulrich, sued the husband in a Florida circuit court to recover for several loans that she made to him during his marriage to her daughter. The husband subsequently filed a third party complaint against the wife, alleging that, as a part of the negotiations in reaching the marital settlement agreement, the wife agreed to assume the payment of any outstanding debts to her mother, other than the $3,500 in the agreement. At the trial in Florida, it was undisputed that Ms. Ul-rich lent the husband money for educational and living expenses. However, the wife and the husband presented contradictory testimony concerning the repayment of those loans during the negotiations that preceded the divorce agreement. Following the hearing, the Florida trial court entered a judgment on November 2, 1989, in favor of Ms. Ulrich and against the husband for $14,280, and in favor of the husband and against the wife in the same amount on his third party complaint. The record indicates that the Florida trial court arrived at the $14,280 figure by providing that the husband receive compensation from the wife for one-half of the equity in the marital home that the wife had received in the Alabama divorce judgment, one-half of the escrow in the marital home, one-half of all common debts paid by the husband after the divorce, and for one-half of the equity in an automobile that the husband had transferred to the wife after the divorce. The remarks from the bench contained in the transcript of the Florida court proceeding clearly indicate that the trial judge entered judgment against the wife, *165 because the trial judge felt that the husband had not received an adequate portion of the marital property in the Alabama divorce judgment. Essentially, the Florida court’s judgment substantially modified the Alabama divorce judgment.
The husband later filed the Florida judgment in the Mobile County Circuit Court, which is where the wife resides, for execution or other process for enforcement of the foreign judgment. The wife responded by filing a Rule 60(b) motion to vacate the Florida judgment.
The trial court conducted a hearing on the wife’s motion and heard testimony from the wife and the attorney that represented her in the divorce action. Their testimony supported the express terms of the divorce judgment. The trial court found that the Florida court did not accord full faith and credit to the Alabama divorce judgment. Therefore, the trial court declined to enforce the Florida judgment against the wife. The husband appeals.
The dispositive issue in this case is whether an Alabama court is required to give full faith and credit to a foreign judgment which directly contradicts a prior, valid, Alabama judgment. Article IV, § 1 of the United States Constitution requires that “[f]ull faith and credit shall be given in each state to the ... judicial proceedings of every other state.” In Durfee v. Duke, 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963), the U.S. Supreme Court held that “[fjull faith and credit ... requires every state to give to a judgment at least the res judicata effect which the judgment would be accorded in the state which rendered it.”
We now determine whether the Alabama judgment of divorce was final for the purpose of res judicata. In the area of property settlements, Alabama law is well established that, in the absence of a timely-filed post-judgment motion, a trial court loses jurisdiction over a property award in a divorce judgment after the expiration of thirty days. Ex parte Kirkley, 418 So.2d 118 (Ala.1982); Timbes v. Timbes, 553 So.2d 624 (Ala.Civ.App.1989); Lloyd v. Lloyd, 508 So.2d 276 (Ala.Civ.App.1987); Smith v. Smith, 491 So.2d 983 (Ala.Civ.App.1986). Therefore, the Alabama divorce judgment as to the property settlement became final after the expiration of thirty days. Consequently, we find that part of the Alabama judgment of divorce was a final judgment for the purposes of res judicata and was not subject to modification by the Florida court.
In Tinsley v. Tinsley, 431 So.2d 1304 (Ala.Civ.App.1983), an Alabama court entered a divorce judgment regarding, inter alia, the division of property and the payment of debts. The wife later filed a petition in Texas seeking a portion of her husband’s military retirement benefits. The Texas court entered a final judgment in favor of the wife. A proceeding was initiated by the wife in Alabama, whereby she sought to enforce the Texas judgment. The Alabama trial court refused to give the Texas judgment full faith and credit, and this court affirmed that decision. This court held that
“Alabama courts are not required by the full faith and credit clause to give recognition to a judgment of a sister state which judgment is in direct conflict with an earlier, non-modifiable, final, valid, Alabama judgment, which had jurisdiction over both parties and over the subject matter and which approved an agreement of the parties upon the very same issue determined by the sister state’s later judgment.”
Tinsley at 1307.
We find that, since the property division was res judicata, the judgment of the Florida court against the wife is in direct conflict with the earlier, non-modifiable, final, and valid Alabama divorce judgment. Tinsley. Therefore, we hold that the trial court did not err by refusing to give full faith and credit to the Florida judgment. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.