648 So.2d 588 (1994)
Charles FINLEY
v.
Frances Evelyn FINLEY.
AV93000619.
Court of Civil Appeals of Alabama.
October 7, 1994.
*589 John B. Holt of Holt, McKenzie, Holt & Mussleman, Florence, for appellant.
William Prendergast and Mary E. Pons, Asst. Attys. Gen., for State ex rel. Frances Finley.
ROBERTSON, Presiding Judge.
Charles Finley and Frances Evelyn Finley were divorced by the Colbert County Circuit Court on October 17, 1988. Two daughters were born of the marriage, and at the time of the divorce they were 17 and 13 years old. In the judgment of divorce, the trial court awarded the mother, among other things, custody of the minor daughters; $100 per week child support; and the use and possession of the marital residence until the youngest daughter reached the age of 19 years, at which time the marital residence was to be sold and the proceeds divided equally between the parties unless the parties had reached a buy-sell agreement between themselves. The trial court awarded the father, among other things, reasonable visitation with the minor daughters; his personal possessions; and a boat, motor, and trailer. The trial court ordered the father to maintain the minor children on his hospital, medical, and dental insurance with his employer and to pay, among other things, the second mortgage on the marital residence, in the amount of $410 per month, and the payments on the oldest daughter's car in the amount of $87 per week. The trial court also ordered the father to pay one-half of all medical, dental, or hospital bills incurred on behalf of the minor children not covered by insurance and one-half of the major repairs to the marital residence. The trial court ordered the mother to pay, among other things, the first mortgage on the marital residence, in the amount of $150 per month; one-half of all medical, dental, or hospital bills incurred on behalf of the minor children not covered by insurance; and one-half of the major repairs on the marital residence.
On December 5, 1990, the father filed a petition to modify, alleging that the parties' oldest daughter had reached the age of 19 years and requesting the trial court to reduce his child support obligation. On February 13, 1991, the trial court entered an order reducing the father's child support obligation to $51 per week.
On October 9, 1992, the mother and the father filed a joint petition to terminate the father's child support obligation because, they alleged, the parties' youngest daughter was receiving $496 per month from Social Security as a result of the father's retirement. On October 16, 1992, the trial court entered an order granting the joint petition and terminating the father's child support obligation.
On October 29, 1993, the mother filed a petition for modification, requesting the trial court to reinstate the father's child support obligation because, she alleged, the youngest daughter was no longer receiving Social Security benefits. On November 29, 1993, the father filed an answer and a counterclaim. The father requested the trial court to order the marital residence sold because, he said, *590 the parties' youngest daughter would reach the age of 19 years in April 1994. In the alternative, the father requested that his obligation to pay the second mortgage be terminated on the date of the daughter's 19th birthday. The father also requested that the mother be held in contempt of court for her failure to pay her portion of the daughter's medical expenses. On December 22, 1993, the mother filed an answer to the father's counterclaim and an amended petition for modification, requesting that the father be ordered to pay post-minority educational support.
On January 21, 1994, the father filed a motion for summary judgment on the sale of the marital residence. On February 23, 1994, the mother filed an opposition to the father's motion.
Following an ore tenus proceeding, the trial court entered a judgment on May 19, 1994, denying the father's request to sell the marital residence and ordering the father to pay $356 per month as "post-minority support."
The father appeals, raising four issues: (1) whether the trial court erred in modifying the property settlement set forth in the judgment of divorce, when more than 30 days had expired from the date of the judgment of divorce; (2) whether the trial court erred in ordering him to pay post-minority support, when he is retired and lives on a fixed income; (3) whether the trial court erred in basing the amount of post-minority support on the child support guidelines, Rule 32, Ala.R.Jud.Admin., rather than limiting the support to the actual cost of the child's college education; and (4) whether the post-minority support should be limited to one-half of the cost of the child's college education, given that the mother and the father have similar incomes.
We first address whether the trial court erred in modifying the property settlement set forth in the judgment of divorce when more than 30 days had expired since the date of the judgment of divorce. It is well established that, in the absence of a timely filed post-judgment motion or an ambiguity in the provisions of a divorce judgment, a trial court loses jurisdiction over a property division in a divorce judgment after the expiration of thirty days. Smith v. Smith, 606 So.2d 164 (Ala.Civ.App.1992); Williams v. Williams, 591 So.2d 879 (Ala. Civ.App.1991).
The mother testified that she did not want to buy the father's interest in the marital residence. The father testified that he wanted the residence sold. Under the terms of the divorce judgment, the marital residence was due to be sold and the proceeds divided equally between the mother and the father. The property division in the divorce judgment is unambiguous; consequently, it was error for the trial court to deny the father's request that the marital residence be sold.
Next, we address whether the trial court erred in basing the amount of post-minority support on the child support guidelines, Rule 32, Ala.R.Jud.Admin., rather than limiting the support to the actual cost of the child's college education. In order for a trial court to award post-minority educational support for a child of divorced parents, it "shall consider all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989) (emphasis in original).
The mother testified that she had retired from teaching; that her retirement income was about $17,000 per year; and that she did substitute teaching, earning $4,888 in 1993. The mother also testified that the parties' youngest daughter attends Shoals Community College and that she made an A and a C in her first quarter of college. The mother further testified that the daughter's first quarter tuition cost was $200 and that she gave the daughter $100 to buy her books. The mother testified that the daughter's second quarter tuition cost was $340; that one of the daughter's books cost $55; and that the daughter would like to attend her final two years of college at Alabama A & M University. The mother also testified that the daughter worked part-time, about four *591 hours per week, and that she earned $80 or $90 every two weeks.
The father testified that he had retired in July 1992 from Reynolds; that he received $971 per month retirement from Reynolds; and that he worked part-time for Helen Keller Hospital as a security guard, earning $250 every two weeks. The father also testified that he played the piano at a church, earning $61 per week and that he received Social Security benefits of $834 per month. The father further testified that he pays the first mortgage on the marital residence in the amount of $473 per month; $52 per month for car insurance on the eldest daughter's car; $127 per month car payment on the eldest daughter's car; and $53 per month for the eldest daughter's life insurance. The father testified that his monthly living expenses were $1793.
The trial court, in its May 19, 1994, judgment, stated, "It is further Ordered that, pursuant to the child support guidelines, Charles Finley shall pay the sum of $356.00 per month for post-minority support...." This court has held that "the child support guidelines for a minor child are not applicable to the determination of an amount for providing or contributing to college expenses after the child reaches the age of majority." Thrasher v. Wilburn, 574 So.2d 839, 841-42 (Ala.Civ.App.1990). Consequently, we find an abuse of discretion in setting the father's post-minority educational support obligation as $356 per month or $4272 per year when the evidence reflects that the daughter's tuition and books were approximately $400 per quarter or $1600 per year. Further, we find that it was error for the trial court to use the Rule 32 child support guidelines to determine the amount that the father should provide toward the daughter's college expenses. Our resolution of this issue pretermits any need to address the father's remaining issues.
The judgment of the trial court is reversed, and the case is remanded to the trial court for the entry of an order directing the sale of the marital residence and for a determination of the father's post-minority educational support obligation in light of the costs presented.
The father's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in the result.
THIGPEN, Judge, concurring in the result.
I concur that this case must be reversed and remanded; however, I have some concerns regarding the possibility that the amount for books and tuition stated by the majority's opinion may appear to "suggest" an amount appropriate for the trial court to order. After holding that the child support guidelines are inappropriate in post-minority support cases, this court, in Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App.1990), instructed the trial court to consider evidence regarding the educational expenses and to determine whether the parent can provide that amount without incurring undue hardship. Educational expenses involve more than tuition and books; therefore, the trial court should also consider "evidence on the reasonable necessaries ... for the child to attend college." Thrasher at 841.
On remand, it may be necessary for the trial court to conduct further proceedings for the purpose of taking additional evidence for a proper post-minority support determination in accordance with the instructions given in Thrasher, supra.