CRAWLEY, Judge.
Edwin A. Billeck and Hellene M. Billeck were divorced in March 1989. The divorce judgment incorporated an agreement of the parties, which provided in pertinent part:
*104 “4. PAYMENT OF PERIODIC ALIMONY. The Husband agrees to pay to Wife his monthly U.S. Army retirement check. Said alimony is payable until the Wife dies, remarries or cohabitates with a member of the opposite sex. Any modification of this provision shall be only by written agreement of the parties or by order of the Court after due notice or hearing.”
The husband paid his monthly military retirement of $1,359.20 to the wife until January 1998. In late 1997, the husband was declared to be 40% disabled, and he began receiving a monthly veterans’ disability payment of $593.20 in January 1998. His monthly military retirement was reduced to $766 because of his receipt of disability benefits. 10 U.S.C. § 5305 (stating that a military retiree must “waive” a corresponding amount of retirement pay in order to receive disability benefits). He began to pay the wife $766 per month as periodic alimony.
In March 1998, the wife filed a petition asking the court to order the husband to pay her his $766 monthly military retirement plus the monthly disability benefits of $593.20, which together would equal the $1,359.20 he was paying before he started receiving disability benefits. Following a hearing, the trial court granted the relief the wife sought. The husband filed a post-judgment motion, which the trial court denied. The husband argues on appeal that the trial court erred by ordering him to pay to the wife his disability benefits so that the wife will receive the same amount of periodic alimony she was receiving before he began to receive the disability benefits.
The United States Supreme Court has held that state courts cannot divide as marital property the amount of military retirement pay waived by the retiree in order to receive veterans’ disability benefits. Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). The Court was interpreting the Uniformed Services Former Spouses’ Protection Act, 10 U.S.C. § 1408, which allows for the division of military retirement as marital property or community property by a state divorce court. The Court stated:
“Congress enacted the Former Spouses’ Protection Act, which authorizes state courts to treat ‘disposable retired or retainer pay’ as community [or marital] property. 10 U.S.C. § 1408(c)(1). ‘Disposable retired or retainer pay’ is defined as ‘the total monthly retired or retainer pay to which a military member is entitled,’ minus certain deductions. § 1408(a)(4) (1982 ed. and Supp. V). Among the amounts required to be deducted from total pay are any amounts waived in order to receive disability benefits. § 1408(a)(4)(B).”
490 U.S. at 584-85, 109 S.Ct. 2023 (footnotes omitted). The Court concluded the Act provides that the amount of retirement pay waived to receive disability benefits is not included in “disposable retired or retainer pay,” and that only “disposable retired or retainer pay” is subject to division; therefore, the Court held that the waived retirement pay was not subject to division as community or marital property.
The husband argues that the Mansell decision prohibits the trial court’s judgment awarding the wife any portion of his disability benefits to satisfy his periodic alimony obligation. The Mansell decision addresses the division of disability benefits as community or marital property, and not the award of disability benefits as periodic alimony. That decision, by itself, does not govern the issue in this case — the use of disability benefits to pay periodic alimony. Therefore, we must determine whether the trial court had the authority to award the wife a portion of the husband’s disability benefits to pay her periodic alimony.
As stated above, the husband and the wife entered into a settlement agreement, which was incorporated into the divorce judgment. Their agreement provided that the husband would pay the wife “his monthly U.S. Army retirement *105 check [as periodic alimony]. Said alimony is payable until the Wife dies, remarries or cohabitates with a member of the opposite sex.” The trial court could have ordered the husband to pay only up to one-half of his retirement pay as periodic alimony. 10 U.S.C. § 1408(e)(1). However, a party to a divorce action is entitled to enter into a settlement agreement with terms that the trial court could not, as a matter of law, have imposed. Williams v. Williams, 581 So.2d 1116 (Ala.Civ.App.1991) (holding that the prohibition against division of military retirement as marital property does not apply to a voluntary settlement agreement providing for such division; this case was decided before our supreme court held that military retirement pay is subject to division as marital property, in compliance with 10 U.S.C. § 1408; Ex parte Vaughn, 634 So.2d 533 (Ala.1993)). Furthermore, it is within the discretion of the trial court to interpret the provisions of a settlement agreement incorporated into the divorce judgment. Ex parte Bonds, 581 So.2d 484 (Ala.1991); Thompson v. Alexander, 579 So.2d 665 (Ala.Civ.App.1991).
The husband’s argument appears to be that he agreed to pay the wife a monthly sum equal to the amount of his military retirement at the time of the divorce, but that if he waived a portion of his retirement pay to receive disability benefits, then he would pay the wife only the amount of the retirement pay that he did not waive. The wife did not file a brief on appeal, but she argued before the trial court that she and the husband had agreed that she would receive the same monthly sum as periodic alimony even if the husband waived part of his retirement pay to receive disability benefits.
The trial court interpreted the agreement as the wife would interpret it and ordered that the husband pay the wife periodic alimony in an amount equal to the military retirement pay he was receiving before he waived a portion of his retirement pay in order to receive disability benefits. During the hearing, the trial court emphasized that the husband and the wife had entered into an agreement whereby the wife would receive all of his military retirement pay as periodic alimony and that the agreement could be avoided altogether if the trial court allowed the husband to reduce his periodic alimony obligation as a result of the husband’s applying for and receiving disability benefits. In the order, the trial court stated:
“It is determined by this Court that [the husband] attempted to reduce his obligation to [the wife] by reducing his military retirement pay by applying for and receiving VA disability benefits of $593.20 per month. This was done after [the husband] unsuccessfully attempted to have the Court modify his alimony payments to [the wife] through this Court in 1995.”
We conclude that the trial court did not abuse its discretion by making this finding and by interpreting the settlement agreement as it did.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.